**CITY OF DALLAS, Texas, Appellant**

**v.**

Anthony **ARREDONDO,** Charles S. Swaner, James M. Stovall, Joseph M. Betzel, Lisa M. Clayton, Kenneth L. Foreman, Elmer J. Davis, Jace P. Sepulvado, Brian Caton, Robert L. Rogers, Tim Q. Rose, George J. Tomasovic, James M. Craft Jr., David T. Chase, Howard R. Russell, and Danny Watson, Appellees.

**City of Dallas, Texas, Appellant**

**v.**

Leroy H. Abercrombie, James C. Adams, Phyllis G. Allen, Jose L. Baldazo, David L. Barber, Maxie Bishop Jr., Gary Lee Bounds, Lynn B. Brantley, David Lee Brewer, Kenneth E. Brooks, Don G. Brown, Greer W. Burnett Iii, Robert E. Camplen, Ken J. Clower, Anthony L. Coleman, Billy C. Coleman, Bernardo Croitoru, Jeffrey L. Culver, Blaine A. Danyluk, Donald R. Dewees, Glenn D. Dickerson, Roy W. Ferrell, Salvador G. Garcia, Andrew M. Garcia, Hiram G. Giddens, James M. Grammar, Kathleen K. Gregg, Dennis A. Hagan, Walter H. Harkey, Garry B. Herring, Michael L.

Hudgins, Charles W. Hyles, Frieda K. Ivy, David Lee Jacobs Jr., Max E. Kirk Jr., Gregory V. Kirkpatrick, James R. Larabee, Donald M. Lehman, Rickey D. Lipe, Kenneth W. Loe, Gary W. Lovell, Thomas A. Malouf, Sandra D. Marsh, Steven L. McBride, John H. McKinney, Robert P. McMahan, Cynthia L. Michaels, Henry Milton, Philip L. Minshew, Jerry R. Mitchell, John D. Ostroski, Robert H. Palmer, Buie A. Penney, Hugo R. Privitt, Clay P. Reed, Bernard L. Roth, Patricia Brooks Roy, Roger D. Schuelke, George R. Snowden, Hubert A. Springer, Daryl R. Stauffer, Donald L. Sutton, Samuel Sutton, Ted M. Tittle, Richard W. Towery, Glenn A. Truex, Michael D. Tunnell, Roy B. Walker, Larry R. Waller, William L. Watson, Randell E. Willmon, Michael R. Wilson, Andrew D. Wright, Appellees.

City of Dallas, Texas, Appellant

v.

William L. Abbott, James W. Adams, Martee L. Adams, Jesse Aguirre, Norman L. Akins, Kenneth E. Albert, Brian K. Allen, Frank B. Allen Iii, John C. Allen, Tommy E. Allen, Charles Thomas Allison, Vincent F. Aloi Jr., Vernon W. Amundson, Bruce G. Anderson, Craig G. Anderson, J.C. Anderson Jr., James F. Anderson, Teab F. Applewhite, Brian A. Armstrong, Ronnie G. Armstrong, Troy Leon Armstrong, Joe Arocha Jr., Michael C. Arocha, David W. Ashley, Samuel H. Atchison, James R. Aulbaugh, Enrique Avila, William Lewis Babb, James E. Bailey, John W. Bailey, Carl Baird, Gregory K. Baker, James Baker, Robert M. Baker, Francis L. Baldwin, Jerrell L. Baley, Mark Ballard, Steven Perry Barber, David R. Barbour, Blair B. Bardwell, Mike Bardwell, Michael A. Barrett, Russell D. Barton, John W. Bass, Russell S. Batchelor, Edwin L. Bateman, James E. Bates, James R. Bates, Johnny K. Bates, Bobby Dean Baughn, Clifford Beamon Jr., Jesse Lee Bean, Garland A. Beaty, Danny C. Beck, Allen Wayne Beeler, Charles S. Bell, David W. Bell, Michael O. Bell Jr., Gary L. Benningfield, Tim Berry, Stephen E. Berryman, Kenneth G. Beyer, Gregory D. Bielefeldt, Larry D. Biggerstaff, Ronnie Dale Binion, Larry W. Bitros, Rene Blakely, Rett L. Blankenship, Jimmy F. Blasingame, John L. Blume, Byron G. Bointy, Robert A. Boland, Jimmy A. Bollman, Billy C. Bond, Buck Boren, Jerry Ray Boren, Dean F. Boulton, Mitchell W. Box, William D. Boyce, Jennifer Bradley, Clay R. Bramblitt, Richard K. Bramblitt, Charles D. Bratton, John E. Brawner, David L. Brazile, Richard A. Brewer, Linda Brewer, Robert Brey, Lyndon G. Britt, Jimmy L. Broadnax, Samual C. Brodner, Charles S. Brown, Gary M. Brown, Gerald D. Brown, Harold G. Brown, Phillip W. Brown, Ralph F. Brown, Tommy E. Brown, Willie James Brown, William C. Bruce, Benjamin S. Bryan, Stephen D. Buchanan, Kenneth S. Buckley, Jimmy D. Buckmeyer, Michael R. Buehler, Claude K. Bullard, Tommy O. Burleson, Dean Lee Burmeister, Eddie J. Burnett, Rex Garner Burnett, Denny R. Burris, Austin S. Burton, Irving Butler, Edward N. Byers Jr., James E. Byford, Michael J. Callaway, Danny E. Campbell, Kenneth D. Campbell, Jesus C. Cantu Jr., Abelardo B. Cardenas, James E. Carlin, Daniel W. Carter, Steve H. Carter, Robert W. Cason, Garry D. Castro, Henry Castro, Thomas A. Caton, Freddie B. Caviness, Buddy K. Chambers, Jerry W. Chambers, Scotland R.

Chambers, David John Chapman, Ronald D. Childre, Timothy S. Clark, William E. Clark, Gregory H. Clarke, Ozias Clarkson, William A. Clayton, Larry V. Clearman, Eric B. Cliburn, Earl Ray Clifton, Samuel F. Cochran, Bobby J. Cockrell, Edward Hilman Coe, Steven D. Coffman, Michael H. Cole, Gary W. Coleman, Jackie Ray Collins, Terry R. Congdon, Samuel E. Conner Jr., Emmett E. Conoly, Sandino L. Contreras, Isaac F. Conway, Marshall W. Cook, Denzil L. Cooper, Donna K. Cooper, Thomas S. Cooper, Steven Douglas Corder, Alton Byran Corley, Edgar E. Cotton, Gregory J. Courson, Thomas C. Courson, Kyle S. Cowden, Dan L. Craddock, Jerry W. Crawford, Phillip L. Crawford, William L. Crawford, Kenneth W. Crenshaw, Luther R. Crosby Jr., Johnny R. Cross, Vernon L. Crow, Eduardo A. Cuellar, Hubert G. Culp Jr., Albert Culton, Kenneth H. Cunningham, Lynn Alan Curry, Fletcher D. Dahman, Aaron L. Davis, Brady K. Davis, Clinton Lee Davis, Edward D. Davis IV, James L. Davis, Jerry M. Davis, Larry G. Davis, Paul E. Davis, Robert A. Davis, Royce Edwin Davis, Mark L. Dawson, Gerald H. Dees, Frank Dela Garza, Clarence Demery, Michael L. Depauw, Richard L. Dewees, Scott Dewees, Dixie R. Dickerson, Samuel Don Dickey, Christopher L. Dike, Brian E. Dorethy, Michael R. Dorety, Travis D. Douglas, David Dower, David Duarte, Bobby B. Duckworth, Larry L. Duke, Robert Howard Dunn, Jerry E. Dye, Mickie A. Dye, Willis K. Dykes, Wylie M. Dykes, Gregory E. Egnew, Lewis Elam, Charlie D. Ellis, Michael A. Ellis, John L. Ellison, Ronald D. England, Andres B. Enriquez, Jake J. Escamilla, Doyle G. Ethridge, Carlton T. Evans, Charles E. Evans, Foster L. Evans, Larry R. Evans, Sherman Evans, James D. Everson, David Wayne Evitts, Richard D. Ewing, Mark A. Ferguson, Paul W. Ferguson, Roy G. Ferguson, Rudolf R. Fernandez, Charles D. Fey, Gerald W. Fields, Jimmy L. Flanagan, Daryle E. Flood, Joe Flores, Billy W. Ford, Larry D. Ford, Thomas J. Ford, Gregg R. Forester, Ronald D. Forge, Edward M. Foster, G. Lee Foster, Lewis Alvin Foster, L.D. Fox, Gary P. Foxx, Jeffery Lyn Francis, Robert Frazier Iii, Gary R. Freeman, George W. Freeman, Samuel L. Friar, Michael R. Fulton, Eddie Zack Fuquay, Paula Furr, Charles E. Gale, August P. Galli, Willie L. Galloway, Richard E. Gambrell, Frank R. Gamez, Tom E. Gamez, Roy L. Gardner, Bill L. Garrett, John A. Garrison, James W. Gateley, Louis W. Gaudreau, Earl German Jr., David E. Gibson, T.D. Gibson Jr., David Gill, Tod A. Gillam, David K. Gilliland, Clifford C. Gladney, E.H. Glasscock Jr., Ronald J. Goins, O'Brien Goldsberry, Larry W. Goldsmith, Rudolph Gonzales, Curtis Good, Mark Anthony Goode, Robert M. Goodnight, Donnie R. Graham, James B. Graham, Stuart W. Grant, Preston L. Graves, Wallace J. Graves, John A. Green, Thomas M. Green, Kenneth P. Greenberg, Byron K. Gregg, Jerry C. Gremminger, Stephen Ike Griffith, Clayton Porter Griggs, John P. Gross, Garth Groves, Lonnie R. Gusters, Frank E. Guy, Joe C. Guzman, Allen H. Hall, Darryl O. Hall, Jason Hall, Bobby G. Hamilton, Michael A. Hamilton, Ronald A. Hamilton, Leland G. Hancock, John R. Hanes, Dennis W. Hardin, Phil Gregg Hardin, Dale Hardy, Robert S. Hargrove, Charles D. Harley, Gregory A. Harper, Jeffrey W. Harrington, Kenneth L. Harris, Ronald E. Harris, Ronnie Harris, Stephen L. Harris,

Stuart T. Harstrom, Donald R. Hartless, Eugene D. Hauptmann, Joel D. Hawkins, Darryl Hayes, Larry L. Haygood, Wayne Franklin Haygood, John Dale Hedrick, Jimmie J. Hendrix, Ralph K. Hendrix Jr., David L. Henry, Jerome Henry, Ralph R. Henson, Richard Hernandez, Robert Hernandez, James A. Hesser, Roger F. Hester Ii, David R. Hickman, Sam M. Hickson, Claude L. Hight, Kenneth R. Hill, Stanley D. Hill, Jose I. Hinojosa, Kenneth L. Hoaldridge, John Earl Hobbs, Joe A. Hogan, Russell E. Hogan, Ronald E. Hoggatt, Frank L. Holder, John T. Holdridge, Kenneth Hollins, Michael L. Holloway, Steven K. Hollywood, Richard D. Holmes, Devin Holt, Michael Ray Hood, Jerry L. Hooker, Shannon Hopps, Raymond L. Hopson Jr., Charles L. House, John M. Houser, Don E. Howard Iii, Leslie L. Howell, James Hoyt Hubbell, Jack D. Hughes, Stanley B. Hughes, George D. Hussong, Jerry G. Hutchings, Sidney L. Hutchings, Kenneth T. Hutyra, Brian R. Hyles, Jeffrey L. Hyles, Jimmy Loyd Hyles, Mike D. Hyles, Billy F. Ingram, James E. Ingram Ii, Michael R. Irvin, F. George Irwin, T.J. Iwanski, Don B. Jackson, Richard D. Jackson, Sergio H. Jaimez, Robert H. Jakubik, Charles E. James, Henry Curtis James, Remie J. James, Mark E. Janick, Patrick S. Janick, Robert A. Janick, Darryl W. Jeanes, Tony L. Jenkins, Harold A. Jerpi Jr., Billy J. Johnson, David L. Johnson, Jimmy R. Johnson, Kenneth W. Johnson, Michael A. Johnson, Ronald R. Johnson, Steve Wayne Johnson, Thomas M. Johnson, Floyd T. Johnston, Joe H. Joines, Richard D. Jolly, James L. Jones, James R. Jones, Raymond L. Jones, Robert C. Jones, Donald Jourdan, Terry Lynn Judd, Paul W. Julian, Joseph J. Kay Jr., James P.

Kean, John E. Keck Sr., Buford L. Kemp Jr., Martin L. Kemp, David Kemp, Donald R. Kern, Wesley D. Killian, Edward L. Killion, Kelly G. Kimbrell, John W. Kincaid, Clayton J. King, Jeffrey W. King, Timothy W. King, David D. Kinney, Bryan Kirby, Albert W. Kirksey, Jerry W. Knoerr, Dustin J. Koellhoffer, David Paul Krause, Idus D. Lair, James B. Lamar, Paul A. Lamar, Tracy Lee Landess, Edgar Carl Laney, Richard E. Langley, Charles D. Langran, George R. Lee, Ray H. Lemasters, Raymond Scott Lemasters, Ronnie C. Lemm, David Leos, Edward F. Levell, Rodney Lewis, David A. Liddle, Stephen B. Lillard, Willie L. Lindsay Jr., Clarence D. Lindsey, David E. Lindsey, George H. Littlefield Jr., John A. Lohrengel, Harriel D. Long, Troy James Looney, Robert Lopez Sr., Frank Joe Losoya, Charles E. Luedeker, Edward F. Luig Jr., Terence A. Lyon, Stephen A. Maddox, David Ray Maness, Bobby J. Manley, John A. Marino, John C. Marshall, Jack F. Martin, Jerry D. Martin, Kenneth R. Martin, Mark A. Martin, Paul G. Martinez, David Eugene Mask, Luanne E. Massey–Kimball–East, Thomas F. Matijevich, Roy Glenn Matkins, Randall R. Matthews, Darryl A. Mayfield, Thomas E. McCarley, Audrey W. McCauley, Larry O. McClure, Martin B. McCreary, Susan C. McCurdy, Greg A. McDaniel, Michael L. McDaniel, Wayne N. McDonald, Michael L. McGehee, Chris J. McGowan, Louie B. McKay Jr., Gerald Wayne McKeller, Joseph E. McKenna, John Wade McKinney, Wade E. McMillan, Patrick S. McWha, Frank E. Medina, Lydia Medina, John Corey Meeks, John C. Meredith, Rene V. Merrill, Charles J. Mikkelsen, Danny D. Miller, Edward C. Miller, Geary S. Miller, Jerry L.

Miller, Joe Dana Miller, Thomas C. Miller, Russell S. Mills, Shbrone D. Mims, Samuel E. Mobly, Howard Wayne Moffat, Jesus R. Montemayor, Ruben Montemayor Jr., Kenneth D. Moore, Salvador V. Morales Jr., Vernon D. Moreland, Jerry Dee Morgan, Russell Lee Morgan, Jerry W. Morris, Larry J. Morris, Joe Jesus Mosqueda, Lester C. Mount, Debra L. Mullins, Stephen L. Mulvany, Raymond D. Munday, James Mundy, Bobbie Murdock, Michael W. Murdock, Rickey P. Murphree, Michael L. Murray, Mary D. Nabors, Guzman G. Natal, Walter M. Neal, Joseph A. Nelson, Linda L. Nelson, James D. Newman, Joe E. Newton, Calvin J. Nichols, John F. Nichols, Trixie G. Nichols, James T. Nicholson, Michael L. Nielsen, Gregory P. Noel, Montie A. Norvell, J. Shannon O'Glee, Jerry B. O'Keefe, Michael E. O'Keefe, James E. Odom, Kenneth G. Odom, Gary C. Ogle, Robert H. Oliver Jr., Stephen Keith Olson, Charles W. Organ, Linda S. Osborn, Lonnie Kirk Osborn, Michael D. Otto, Paul E. Overton, Roddy Lynn Packer, Dennis E. Page Jr., Stephen Neal Paris, Kenneth L. Parker, Richard H. Parker, Jon R. Parker Jr., Elmer H. Parkerson Jr., Ronald B. Parrish, Joe W. Parsons, Brian A. Partington, Adam D. Patrick, Larry Duane Patrick, Stephen R. Patrick, George T. Peacock, James C. Pearson, Daniel L. Pecenka, Anthony J. Peck, Richard S. Peek, Billy W. Pell, Gary G. Pell, Wesley E. Pemberton, Jeff L. Pennington, Sergio I. Perez, James D. Perkins, Horace Gerald Perry Jr., Greg W. Perry, Philmore Peterson, James E. Phillips, Michael Phillips, Jerald F. Pickard, Lawrence E. Pierson, Kenneth R. Pigg, David Pinales, Bobby Neal Popham, Melvin Porter, Michael E. Prelle, Claude W. Prewitt, Michael W. Price, Jerry W. Pritchett, Norvell R. Quarles, Ricky Lee Rand, Sammy D. Rankin, Lyle T. Reagan, Walter C. Reaves II, Billy K. Record, Billy Earl Reed, Donald W. Reed, Howard Reed, Ronald D. Reed, Markham L. Reid, Ronald H. Reid, Ronald Remkus, Timothy L. Rendahl, Douglas Rener, Smith W. Ribble, W.A. Richardson, Larry Wade Riddle, Jack Douglas Rimbey, Charles L. Rinderknecht, Michael R. Roach, Glen Robbins, James L. Roberson, Lance R. Roberts, Larry E. Roberts, Larry F. Roberts, Terry D. Roberts, Billy P. Robinson Jr., James H. Robinson, Michael Earl Robinson, G. Rodriguez, Jesse R. Rodriguez, Ronnie W. Roe, Brent K. Rogers, Donald A. Rogers, F. Murphy Rogers, Robert Henson Rogers Iii, Anthony L. Rolater, Kenneth W. Rowe, Johnny L. Rudder, John Lee Ruiz, David H. Rumbo, Jerry V. Rushing, Bryan R. Russell, Carole Russell, Donnie G. Russell, Helen M. Russell, James D. Russell, Jerry G. Russell, Joseph D. Russell, Woodson R. Russell Jr., Steven J. Rutledge, Phillip R. Ruzicka, Eduardo Salaiz, Rene Saldivar, Richard Salinas, David W. Salter, Clay S. Sanders, Randall E. Sanders, Terry Don Sanders, Earl Wayne Sanges, Richard Santacruz, Canda L. Sayles–Dunn, Clifford E. Schauer, Lisa Schindler, George Ringo Scott, Robert Earl Sears, John T. Settle, James T. Sewell, Timothy J. Seymore, Billy E. Shaw, Walter J. Sherey, David T. Shivers, Frank Silvas Jr., Robert Lee Simmons, Robert E. Simons, David V. Simpson, Richard L. Singleton, Richard B. Sisk, Jerry Herschel Skeleton, Sammy Don Sline, Paul Kevin Slovak, Charles B. Smith, Dan G. Smith, Donald R. Smith, John V. Smith Jr., Larry C. Smith, Luther J. Smith Jr., Mitchell K. Smith, Rick-

ey D. Smith, Robert Smith, Sharon E. Smith, James A. Southard, Alan D. Southard, Michael A. Southerland, Norman R. Spears, Tony Lynn Speck, Larry E. Spikes, Laura J. Spray, James M. Squires Jr., David M. Stambaugh, Linda K. Stambaugh, Curtis Lee Starlin, Robert W. Steely, Ronald A. Stephens, Paul R. Stephenson, James R. Stevenson, James Truett Stewart, Michael H. Stewart, Robert L. Stidger, Hubert C. Stinson, James D. Stokes, Donald D. Stone, Mary Lou Stone, Jerry R. Stout, Greg A. Stoy, Kenneth R. Strader, Jasper S. Strickland, T.D. Strickland, Greg B. Sturch, Arthur R. Sullivan Jr., Wesley B. Sullivan, Joel Ethridge Summerlin, Harold L. Sumner, Jeffrey Kent Swaner, Raymond E. Sweeney, Thomas S. Swing, David Sypert, William M. Tabor, Shelby Tackett, Bobby Jack Talbot, Thomas R. Tanksley, Domenic N. Taraborelli, Billy W. Taylor, Leo J. Taylor Jr., Robert F. Taylor, Thomas E. Taylor, Thomas M. Taylor, William T. Taylor, Byron E. Temple, Daniel W. Tenney, William T. Terry, Gerald D. Testerman, Douglas R. Teubner, Kenneth A. Thomas, Marion R. Thomas, Rickie L. Thomas, David L. Thompson, James O. Thompson, Jerry B. Thompson Jr., David H. Thornton, Bryant Earl Tillery, Tommy F. Tine, Roger S. Tomlinson, Robert W. Tramel, Kenneth N. Tucker, Ronald S. Tucker, Kevin George Tuma, Lonnie B. Tutt, Mark E. Tyler, Ulysses Underwood, Juan J. Urreta, Jesse A. Valentine, Raymond Vela, Robert M. Verver, Jacky Don Vest, Armando M. Vidal, Rodney L. Vike, David H. Vollrath, Gregory L. Waddleton, Glen R. Wade, Joseph W. Wagner, Patrick A. Wagoner, Tammy E. Wagoner, Anthony W. Walker, Billy Ray Walker, Corey N. Walker, Dean G. Wallace, Jesse W. Wallace, Gary S. Walthall, Carlton D. Ward, Anthony M. Warrick, William T. Warrick, Calvin Washington, Stephen B. Washington, Jimmy G. Waters, Ronald D. Watkins, Michael J. Watson, Howard M. Weempe, John G. Wegley, Timothy L. White, William S. White, Darryl W. Whitman, Michael L. Wier, Tolvia D. Wilcoxson, George S. Wilcoxson, Gregory C. Willeford, Christopher C. Williams, George W. Williams, Larry D. Williams, Mitchell L. Williams, Roy W. Williams, Samuel T. Williams, Dale E. Wilson, Stanley A. Wilson, Todd L. Wilson, Todd M. Wilson, Danny J. Windle, Robert B. Winters, Brent A. Wise, Steven Brent Wise, John B. Wood, Walter E. Wood Jr., Kenneth W. Woodard, Gary Keith Woods, R. Terry Wooten Jr., Gregory B. Wright, Randall L. Yanowski, Bobby L. Yarberry, Douglas R. York, Richard Gene York, Nathan W. Young, Robert H. Young, Rodney B. Young, William E. Young, William R. Young, Michael A. Yudizky, Jerome C. Zabojnik Jr., John A. Zaby, Appellees.

City of Dallas, Texas, Appellant

v.

Ronnie J. Acker, Alvino G. Adame, Vanessa M. Adame, Bruce E. Adams, Larry M. Adamson, Billy V. Ailey, Horace D. Akins, Tommy Q. Akins, Patrick W. Alexander, Randy J. Alexander, John R. Allen, Patricia J. Allen, Timothy E. Allen, James W. Almy Iii, Guadalupe Alvarado, Tommy J. Ames, Edward L. Anaya, Aaron Anderson, Barry L. Anderson, Frankie J. Anderson, James W. Andrews, Randy L. Andrews, Joe M. Arce, Catherine J. Arnott–Thornton, Chris R. Aulbaugh, Charles L. Avery, Russell L. Baer,

Kevin G. Bailey, David D. Baker, Mary E. Baker, Eddie J. Barber, James L. Barclay, Nancy W. Bardin, Ronald E. Bardin, James K. Barksdale, Dale A. Barnard, Carl A. Barnes, Ruth A. Barnes, Michael D. Barnett, Lowell W. Bass, Leslie A. Bassham, Sydney J. Baugh, Jeffrey R. Baumann, Laura L. Beattie, Michael J. Beattie, Raymond J. Beaudreault, Gary S. Beck, James M. Beene Jr., David W. Belk, Norman Bell Iii, Roosevelt Benjamin, Elvis E. Benson, Robert P. Bernal, Richard C. Berry, Brett H. Binford, Mitch K. Bird, William E. Birdwell, Dwayne G. Bishop, Kurt M. Bjornson, Anthony O. Black, Ann Guinn Blackbourn, Kenneth A. Blank, Roseana L. Blount, Timothy P. Bordelon, Jason A. Bordelon, Martin P. Bosse, Brendia Bowens–Jackson, Michael R. Bowles, Duane H. Boy, John J. Boyle, Mary J. Brady, Willie Braggs Jr., Leon Brannon, Jude J. Braun, Rodney L. Bray, Samuel G. Breitling, William R. Bricker, Ronald D. Bridges, Ronnie Brigance, James M. Brigdon, Jesus S. Briseno, Gloria F. Broadnax, Russell S. Brookshire, Arnold Brown, Butch S. Brown, David O. Brown, Philip L. Brown, Ronnie R. Brown, Dennis L. Brummett, David P. Brummett, Charles M. Bruton, Hans W. Bryson, George W. Buchanan, Tommy R. Buggs, Jeffrey L. Burge, Duward W. Burgess, Edna Joan Burgess, Patrick T. Burke, Arthur D. Busby Jr., Richard G. Butler, William J. Butler, Cedonia M. Butts, James D. Byas, James S. Byerly Jr., Santos Cadena Jr., Terry K. Cahill, Ronald D. Caldwell, Richard W. Camarata, Jeff E. Cammon, David A. Campbell, Daniel L. Cannon, Robert I. Canon, James T. Carey, Albert M. Cargile, Roger D. Carney, Sandra D. Caro, Edgar E. Carol Jr., Carol D. Carpenter, Ronald B. Carpenter, John W. Carr Jr., Eloy A. Carrillo, Filiberto X. Carrillo, Arthur J. Carroll Jr., James R. Carroll, Donald W. Casey, Xavier Castillo, James A. Castleman, Gilbert N. Cerda, Margaret O. Chandler, Douglas C. Chaney, Joseph M. Chatham, Joseph A. Cheatham, Patrick D. Cheshier, John E. Childs Jr., Artie C. Christian, Thomas A. Cicio, Dorothy L. Claggett, Steven B. Claggett, Richard E. Clark, Michael R. Clay, Walter M. Clifton Jr., Michael L. Cline, Jack B. Cobb, Robert D. Cockerill, Michael W. Coker, Gary A. Colecchi, James F. Colleran, Don W. Colley, Gary L. Collins, James D. Conner, Rudy Contreras, Joe D. Copeland, Mary M. Copeland, Garen L. Cornett, Pamela S. Corr, Paula S. Cortez, Doyle L. Coslin, John J. Coughlin, William D. Cowley, Gary G. Cox, Melvin D. Cozby, Anthony J. Crawford, Terence E. Crear, Robert J. Crider, William H. Croom, Richard V. Crosby Jr., Jacqueline A. Crosby, Darryl L. Crow, Gary L. Croxdale, Don W. Crum, Linda E. Crum, Lonnie C. Cunigan, Steven A. David, Ben E. Davis, Carver P. Davis, Daniel H. Davis, Helena A. Davis, Larry C. Davis, Michael S. Davis, John A. Davison, William C. Dean, Brad F. Deason, Joe A. Decorte, John J. Degan III, Catherine J. Delapaz, Mark A. Delapaz, Steven J. Deloach, Jacquelynne D. Dennis, Joseph R. Denomy, Ronnie J. Ders, Raymond P. Dethloff Jr., James C. Dewees, John H. Dickerson, Terrell G. Dickerson, Alfred F. Diorio Jr., Darnisha M. Dixon, Kevin D. Dodds, Richard L. Dodge, Rene R. Dominguez, A.D. Donald, Kenneth R. Dortch, Rita McKay Dotson, Eddie H. Douglas, Kenneth D. Douglas, Raul Duarte, J.D. Dukes, Ronald E. Dummer, William J. Duncan, Brenita S. Dunn, Richard N. Dunn, Verna L. Durden, Dee F. Dur-

ham, Clarence A. Durst, Duane R. Easterling, Kyge C. Edmonds, Shelia Edmonds, Karen M. Ellis, Ronald K. Ellison, James D. Elliston, Patti L. Ellyett, Paul V. Ellzey, Tammy S. Ellzey, Richard S. Elwonger, Richard L. Emberlin Ii, Joseph Emmett, Michael E. Epple, Robert L. Ermatinger, Linda T. Erwin, Ronald W. Everett, William S. Everett, John R.D. Fairbairn, George Farmakis, Sharon L. Farmer, Lenard L. Farrow, Nancy L. Felix, Forrest L. Fenwick, Kenneth R. Ferguson, Randy K. Ferguson, Michael E. Finley, Elton D. Fite, Eno U. Fite, Donald H. Fitzgerald, Jolene Fitzgerald, Victoria A. Fletcher, Paul B. Fletcher Jr., Charles M. Flynn, Jose L. Fonseca, Douglas B. Foor, Barbara A. Ford, Curtis W. Fortner, Alan T. Foster, Kelly B. Foster, Tommy A. Foster, Alma M. Fowler, Timothy R. Fox, Joe C. Franklin, Reginald G. Franklin, Joseph A. Freeze, Brent L. French, Everett A. Frye, Jerry L. Fuller, Kirk S. Fulmer, Marshal N. Furr, Ricky J. Gaddis, Jeffrey P. Gaertner, Robert S. Gage, James E. Gallagher, Gregg R. Gallozzi, Raul Garcia Jr., Alex M. Garcia, Timothy P. Gargani, David N. Garmany, Barbara J. Garner, Tommy W. Gates, Thomas G. Geer, Roy R. George, Scott E. Gerdes, Mark A. Gibbons, Anthony D. Gipson, Thomas L. Glover Sr., Gary L. Godsey, David L. Goelden, Sherry L. Goelden, Michael E. Gomez, Frank A. Gorka Jr., Jack E. Gouge, Charles T. Grady, David J. Graham, Karen M. Graham, Robert J. Grant, Ronald D. Grant, Todd M. Graves, Carol T. Gregston, Samuel D. Griffin, James N. Grissom, Carlos Guerra Jr., Manuel Guevara, Ivan Gunter, Ronald A. Guy, Enrique Guzman Jr., Jose A. Guzman, Dale E. Hackbarth, Michael A. Hackbarth, Rodney A. Haigh, Stephen M. Haines, Gene M.

Hale, Claude S. Hall, Dwaine E. Hall, Kim E. Hammond, Troy Patrick Hammond, John D. Hancock, Scott A. Hanten, Cathy Critz Harding, Claude P. Harding, Bobby W. Hargis, Angela R. Harn, Johnnie L. Harris, Marylin J. Harris, Jack G. Harris, Lynette N. Harrison, Marion J. Harrison, Timothy D. Harshbarger, Victor T. Hart, Gary D. Hasty, Christopher S. Hauffe, Albert L. Hay, Jeffrey A. Haywood, Kevin J. Heath, Richard E. Henderson, Beverly G. Hendley, Gary N. Hendley, Ricky J. Henrichs, Edward J. Herbst Iii, David S. Hernandez, Paul Hernandez, Pat Herring, Ronald L. Herrington, Roger D. Hetrick, Larry D. Higby, Thomas F. Higgins, Jesse T. Hill Ii, Ronald R. Hill, Jack E. Hinton, Robert A. Hinton, Barbara L. Hobbs, Kelli L. Hoffman, Steven M. Hoffman, Jerry L. Hoffpauir, Roosevelt Holiday, George R. Holland, Timothy J. Holland, William A. Hollingsworth, Robert S. Holt, Billy J. Hooker, Michael G. Hoskins, Tim R. Houston, Carolyn J. Hovey, Townsend B. Howard, Grover S. Howell, Charles W. Hudson, Kevin G. Huey, Mark E. Huffman, William G. Huffman, Jeffrey K. Hull, Steven C. Hull, Tim R. Humphrey, Henry A. Jachna, David Jackson, Lorrie A. Jackson, Randall H. Jackson, Roy L. Jackson, Jon P. Jacob, Madison Jacob, John H. James, Milton R. Jarvis Jr., Paul M. Jarvis, David A. Jenkins, Paul E. Jez, Clarence B. Johnson, Daniel L. Johnson, Howard E. Johnson, Keith A. Johnson, Kenneth R. Johnson, Douglas D. Jones, Gary R. Jones, Martin E. Jones, Philip E. Jones, Rodney E. Jones, Stephen D. Jones, Bradley M. Jordan, Karen S. Jordan, Regina Joseph, James J. Kalash, Gayle L. Kansier, Fred Katani, Michael L. Keating, Joyce E. Keeter, Gene A. Keith, Ray-

mond E. Kelley, Edwin E. Kennedy, Latonya Dichelle Kennedy–Cahee, Linda D. Kimberlin, Archie L. King, C. Wesley King, George M. King, Jerry W. King, Paul R. King, Terrance A. King, William R. Kirk Iii, Gary L. Kirkpatrick, Andrew J. Klein, Debra A. Knapp, Don W. Knight, Steve P. L'Huillier, Paul M. Lachnitt, Billy E. Lackey, David J. Landry, Scott J. Lane, Steve M. Laney, Bruce E. Lankford, David W. Larsen, Raymond A. Lawrence, Thomas W. Lawrence Jr., Kenneth P. Lecesne, Steve W. Ledbetter, Samuel T. Lepere, Larry A. Lewis, Raymond D. Lewis Iii, Jack A. Lilley Jr., David W. Linthicum, Larry W. Littlefield, Larry W. Loggins, Larry L. Looper, Jose Losoya Jr., Carl E. Lowe, Gregory L. Lowe, Daniel J. Lusty, Joseph L. Maddox, Randal D. Magg, Sandra J. Magg, Susan M. Maguire, John T. Maguire, Samuel J. Mandell Jr., Kevin H. Mansell, Dudley T. Marchetti Jr., Donald W. Marks, Pamela A. Marks, William J. Marks, Billy G. Maroney, Purvis G. Maroney, Carlton R. Marshall, Michael J. Marshall, Russell C. Marston, Michael R. Martin, Roger E. Martin, Terry L. Martin, Warren R. Martin, Jack E. Martindale, Donnie M. Mashburn, Arlin Mason, Cecil S. Massey, Edward J. Matis, Matthew B. Mayfield, Norman Richard Mazzola, John D. McCaghren, James E. McCluer, Jill M. McCollum, Clinton D. McCoy, Ward K. McDonald, Charles S. McDonnold, Edward C. McFadden, Mickey F. McFerrin, Judith A. McGee, Margaret J. McGee, Michael B. McGee, Scott R. McIntire, Ira J. McKee, Thomas B. McKee III, Jon R. McKeon, John H. McLain, Diane J. McLeod, Robert M. McLeod, Stanley L. McNear, David F. McWilliams, William S. Mears, Antonio H. Medrano, Michael R. Meldrum,

Clark D. Mendenhall, Michael A. Mendez, Billie L. Miller, Craig R. Miller, Michael F. Miller, James R. Miltimore, Cecil E. Mitchell, Robert C. Mitchell, Will J. Mixon, Fernando Moncibais, Ronnan J. Montemayor, Albert C. Moore, Fred N. Moore, Jacob P. Moore Iii, James A. Moore, Richard F. Moore, Eric Morales, Daniel Moreno, Raul A. Moreno, Richard C. Morrell, James D. Morris, John K. Morris, Billie E. Moser, Elvis L. Moses, James D. Moses, Larry Moses Sr., Thomas R. Mount, James A. Mullins, Julius B. Mundt, Robert Munoz, Julie R. Munster, James C. Murphy, Phillip Murray, Frank C. Muscato, Karen B. Muscato, Leslie A. Myers, Dave F. Nails, James M. Nanney, John T. Nash Iii, Thomas E. Naulty, Kevin W. Navarro, Marvin J. Ned, Anthony W. Neely, Denny D. Neve, David L. Nevitt, Robert F. Newton, John B. Nichols, Kevin R. Nickell, Irene Noah, David H. Nofzinger, Michael W. Nonnemacher, Wilford R. Nunn, Donald R. O'Donnel, Stephen T. O'Donnell, Gary L. O'Pry, Keith A. Olson, Stephen T. Olson, Walter E. Orzechowski, Lonnie W. Osborn, Steve B. Oulliber, Dean M. Overall, Freddy R. Overstreet, Thon R. Overstreet, Richard L. Pace, Jimmy W. Page, Lester T. Page, William A. Paris Jr., Bobby R. Parrott, Donald M. Parton, Linda J. Patterson, Keith C. Patton, Patricia A. Paulhill, David L. Peeples, Kenneth M. Penrod, Andrea K. Perez, Armando Perez, Jack C. Perritt, Ronnie M. Pettit, Ted J. Pfursich, Donald M. Pinney Jr., Stephen A. Pitz, Charles E. Plumlee, Frank W. Poblenz, Herbert W. Podina, Michael D. Poole, Morris Pope Iii, Michael J. Potter, David P. Potts, Kevin A. Powell, William K. Powell, John S. Prachyl, Patsy R. Prestenberg, William J. Prestenberg, Timothy A. Prokof, George L.

Pryor, Barry W. Ragsdale, Garry L. Ragsdale, Raul Ramirez, Sheree Ramirez, Donald R. Randle, Mark J. Rangel, Eric J. Rathjen, William R. Readdy, Bobby J. Reeves, John A. Reeves, Richard L. Reeves, Steven D. Reideler, David G. Renfro, Thomas C. Rengstroff, Ernest A. Reyes, Craig A. Reynerson, Jerry M. Rhodes, Thomas J. Rich, Dale H. Richardson, Stanton G. Richardson, Eric E. Ricklic, Ceyla E. Ridley, John T. Rigney, Raul Rios, Nancy S. Rippy, Francisco Rivera, Jose A. Rivera, Donald L. Robb, Rachel K. Robb, Timmy W. Robbins, Michael A. Roberts, Sherry L. Roberts, Ann T. Robinson, Devoda Robinson Jr., Mark E. Rodgers, Paul W. Ronyak Ii, Keith R. Rosa, Kevin L. Ross, Ronny W. Ross, Junius Rucker, Vanessa A. Rudloff, Frank J. Ruspoli, Alfredo G. Saldana, Ross A. Salverino, Jerry Sanchez, Herbert K. Sanders, William P. Sanders, Gwendolyn Wynell Sargent, Israel Sarmiento, Juan H. Sarmiento, Alicia Sarmiento, Saul Sarmiento, Estela Sarmiento, Miguel A. Sarmiento, Robert K. Sartin, William W. Saunders, Brian V. Schupp, Michael R. Scoggins, Peter A. Serrano, Agustin J. Serratos, Marcus W. Sharp, Charles E. Shaw Jr., Steven G. Shaw, Miles H. Sheerin, Billy M. Shehee, Aldophus Shelton Iii, Thomas S. Shelton, Thomas G. Sherman, Robert A. Sherwin, Colleen E. Shinn, Theodore L. Shinn Iii, Steve M. Short, James J. Shubzda, Greg A. Siedelmann, Ricardo Silva, Maurice L. Simmons, William C. Sims, David M. Singer, Mark A. Sittner, James E. Skelly, Judith A. Skibinski, Glen K. Slade, Steven L. Slaton, John P. Smith, Ronnie T. Smith, Terry C. Smith, Tracy C. Smith, Vickie Stonaker Snow, Marcia M. Snowden, Steven Solaja, Dean A. Sorenson, Sandy L. Soule, Stanley L. Southall, Rodney A. Spain, Steven E. Sparks, Virgil L. Sparks, James D. Spaulding, Dennis A. Spears, Elvis E. Spears, Gloria D. Spencer, Edward K. Spila, Pamela M. Springer, Richard L. St. Clair, Stephen L. St. Clair, James N. Stacy, Leonard G. Standige Jr., Thomas W. Stark, Jerry L. Stewart, Timmy A. Stewart, Todd Stewart, Paul A. Stokes, Samuel E. Story, Lawrence F. Stromile, Lonnie G. Sturdy, Wilford L. Suber, Michael R. Swain, Brenda A. Tate, Janet S. Taylor, William R. Temple, Jimmie J. Terrell, Douglas W. Thigpen, Bryant C. Thomas, David M. Thomas, Jo L. Thomas, Michael J. Thomas, Allen G. Thompson, Karl G. Thormann, Dane P. Thornton, John R. Tillery, George E. Tilley, Richard V. Todd, David S. Tremain, Jean E. Tremain, Jesus A. Trevino, Amy B. Trippel, Daniel E. Trippel, Teresa A. Turko, Edgel D. Turner, Charles W. Tuten, Mark A. Underwood, Rickey B. Upshaw, Linda J. Utz, Brian K. Verdine, David G. Vestal, Cynthia Sanchez Villarreal, James R. Vineyard, Carl W. Wachholz, Albert C. Wagner Jr., Joe A. Walden, Daryl D. Walker, Larry T. Wall, David W. Wallace, James A. Wallace, Stephen R. Walthall, Alan W. Wammack, Mark A. Wammack, Mark S. Ward, Jewel K. Warren, Peggy J. Warren, Lynette C. Washington, Velicia J. Washington, Donald M. Waterson, Alfred J. Watkins, Curtis Watts, Diana G. Watts, Greg S. Weatherford, Tina L. Weatherford, Kenneth D. Weaver, Desiree A. Webb, Eric K. Webb, Nancy L. Webb, Mark N. Webster, Tommy W. Weesner, Ronald D. Weimer, James R. Weisinger, Theodore G. Weissenborn, Todd C. Welhouse, Larry A. Wesson, Patricia A. West, John E. Westphalen, Adrian D. White, Geraldine R. White, Barry M.

Whitfield, Donald A. Whitsitt, Kennie W. Wiginton, Kenneth W. Wilkins, Jimmy G. Willhoite, Dennis L. Williams, Donald E. Williams, Randy M. Williams, Rebecca O. Williams, Kevin M. Willis, Richard C. Wilson, Ronald B. Wilson, Warren W. Wilson, Anthony W. Winn, Brian W. Wolff, Robert J. Worth, James O. Wright, Richard A. Wright, Stephen W. Wright, Donald W. Young, John M. Young, Freddie Youngblood, Robert A. Yowell, Pedro Zamora, Appellees.

Nos. 05–12–00963–CV, 05–12–00965–CV, 05–12–00966–CV, 05–12–00967–CV.

Court of Appeals of Texas, Dallas.

Aug. 13, 2013.

Rehearing En Banc Overruled Dec. 17, 2013.

E. Leon Carter, Carter Stafford Arnett Hamada & Mockler, PLLC, Dallas, TX, for Appellant.

Ophelia F. Camina, Susman Godfrey, LLP, Dallas, TX, Terry Lane Scarborough, Hance Scarborough, LLP, E. Lee Parsley, Austin, TX, for Appellees.

Before Justices O'NEILL, FITZGERALD, and LANG–MIERS.

## OPINION

Opinion by Justice LANG–MIERS.

The City of Dallas filed these interlocutory appeals from orders denying its pleas to the jurisdiction in four lawsuits filed against the City by current and former police officers, firefighters, and rescue offi- cers (the Officers) alleging that the City breached its contract with them regarding their pay. We consolidated the appeals for the purpose of briefing and argument. For the following reasons, we affirm the trial court's denial of the pleas to the jurisdiction in part and reverse in part. We remand for further proceedings consis- tent with this opinion.

## I. BACKGROUND

In 1979, the voters of Dallas approved a pay referendum for the City's sworn police officers, firefighters, and rescue officers, and the City enacted an ordinance adopt- ing the referendum. The Ordinance stat- ed:

> Be it ordained that: (1) From and after October 1, 1978, each sworn police offi- cer and fire fighter and rescue officer employed by the City of Dallas, shall receive a raise in salary in an amount equal to not less than 15% of the base salary of a City of Dallas sworn police officer or fire fighter and rescue officer with three years service computed on the pay level in effect for sworn police officers and fire fighter and rescue offi- cers of the City of Dallas with three years service in effect in the fiscal year beginning October, 1977; (2) The cur- rent percentage pay differential between grades in the sworn ranks of the Dallas Police Force and the Fire Fighter and Rescue Force shall be maintained; and (3) Employment benefits and assign- ment pay shall be maintained at levels of not less than those in effect for the fiscal year beginning October, 1977.

Dallas, Tex., Ordinance 16084, § 4 (Jan. 22, 1979).

The City also passed two resolutions implementing the Ordinance. In the suc- ceeding years, the City raised salaries through annual pay resolutions passed by

the City Council. *Arredondo v. City of Dallas*, 79 S.W.3d 657, 660–61 (Tex.App.-Dallas 2002, pet. denied). And as time passed, the Officers accused the City of failing to maintain the percentage pay differential stated in the Ordinance.

Beginning in 1994, these lawsuits were filed by the Officers alleging that the Ordinance was a contract requiring the City to maintain the percentage pay differential in all future salary adjustments and that the City breached the contract by repeatedly increasing the pay of higher-ranking officers without making the same percentage adjustments to the pay of the lower-ranking officers. The City contended that the Ordinance was a one-time salary adjustment and was not intended to apply to all future salary adjustments. The trial court granted summary judgment against the City and the City appealed. *Id.* at 665. This Court concluded that the Ordinance was ambiguous about whether it was intended to be a one-time salary adjustment or apply to all future salary adjustments, and we remanded the issue to the factfinder. *Id.* at 659.

On remand, the City filed pleas to the jurisdiction asserting it had governmental immunity. *See City of Dallas v. Albert*, 214 S.W.3d 631, 634 (Tex.App.-Dallas 2006), *rev'd,* 354 S.W.3d 368 (Tex.2011). The Officers also amended their petitions to seek a declaration that their interpretation of the Ordinance was correct. *Id.* at 633. The trial court denied the City's pleas to the jurisdiction, and the City appealed.[1]

In addressing the Officers' declaratory judgment claims, we concluded that the trial court was correct to deny the City's pleas to the jurisdiction to the extent the Officers sought only to declare the rights, status, and legal relations of the parties under the Ordinance. *Id.* at 637. In addressing the Officers' breach of contract claims, we concluded that the City had immunity and reversed the trial court's ruling. *See id.* at 636, 638. However, we noted that while the appeal was pending in our Court, the Texas Legislature enacted a new statute that waived immunity from suit for certain breach of contract claims filed against local governmental entities. *Id.* at 636–37 (citing Tex. Local Gov't Code Ann. §§ 271.151–.160 (West 2005)). We also noted that the statute applied retroactively to claims already filed. *Id.* Consequently, we remanded for the trial court to determine whether the Officers' breach of contract claims fell within the limited waiver of immunity found in section 271.152. *Id.* The parties filed cross-petitions for review, which the Supreme Court of Texas granted and consolidated. *City of Dallas v. Albert*, 354 S.W.3d 368, 373 & n. 3 (Tex.2011).

While the petitions for review were pending, in August 2009, the attorney for the Officers died and new counsel was substituted in each of the four cases. However, new counsel was unable to locate and contact all the Officers and, as a result, many were unrepresented after counsel died.

In 2011, the supreme court issued its opinion in *Albert.* The supreme court concluded that the City had governmental immunity from the Officers' claims for declaratory judgment because the Officers were "not attempting to invalidate the pay ordinance. To the contrary, they are attempting to enforce the ordinance according to its terms as they read it." *Id.* at 378. The court concluded that "[b]ecause the Officers' only potential relief was an award of money damages, the City is im-

---

1. For a more detailed procedural background, see *City of Dallas v. Albert*, 214 S.W.3d 631, 633–37 (Tex.App.-Dallas 2006) *rev'd,* 354 S.W.3d 368 (Tex.2011).

mune from their declaratory judgment claims" and the claims must be dismissed. *Id.* The supreme court also noted that none of the parties had appealed our judgment remanding "the issue of whether the Local Government Code amendments waive the City's immunity for the Officers' breach of contract claims" and declined to consider the Officers' request for leave to file supplemental briefing on that issue. *See id.* at 377.

On remand, the represented Officers amended their petitions to drop their claims for declaratory relief, but the unrepresented Officers did not. The City filed special exceptions on the remaining claims, which included the unrepresented Officers' claims for declaratory relief and all the Officers' claims for attorney's fees for breach of contract. The trial court sustained the special exceptions on the attorney's fees claims, and the represented Officers nonsuited their claims for attorney's fees; the unrepresented Officers did not. The City then filed pleas to the jurisdiction, with evidence, arguing that the local government code did not waive its immunity from the Officers' breach of contract claims. It also argued that the unrepresented Officers' claims for declaratory judgment should be dismissed pursuant to *Albert* and their attorney's fees claims should be dismissed because the trial court sustained the City's special exceptions on those claims. The trial court denied the pleas to the jurisdiction, and these interlocutory appeals followed.

## II. BREACH OF CONTRACT CLAIMS

In issues one and two, the City contends that the trial court erred by denying its pleas to the jurisdiction on the Officers' breach of contract claims. The City argues that it has immunity from those claims because the Officers did not plead jurisdictional facts bringing their claims

within the waiver under section 271.152 of the local government code.

### A. Standard of Review

Governmental immunity protects cities from lawsuits for money damages. *Ben Bolt–Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./ Cas. Joint Self–Ins. Fund,* 212 S.W.3d 320, 324 (Tex.2006). It deprives a court of subject matter jurisdiction and may be raised in a plea to the jurisdiction. *City of Houston v. Williams,* 353 S.W.3d 128, 133–34 (Tex.2011). Whether a trial court has subject matter jurisdiction is a question of law which we review de novo. *Id.* at 133. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised. *See Tex. Dep't. of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 227 (Tex.2004). If the evidence raises a fact question about the jurisdictional issue, the issue must be resolved by the fact-finder. *Id.* at 227–28. But if the relevant evidence is undisputed, or fails to raise a fact question, the court rules on the plea as a matter of law. *Id.* at 228. We take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Id.* at 228.

### B. Applicable Law

In 2005, the legislature enacted a statute waiving the immunity of local governmental entities for certain breach of contract claims:

A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for

breach of the contract, subject to the terms and conditions of this subchapter. TEX. LOC. GOV'T CODE ANN. § 271.152. The statute waived immunity retroactively for a claim arising under a contract executed before the effective date of the statute if governmental immunity had not been waived for the claim. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549.

The statute defines "contract subject to this subchapter" as "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is properly executed on behalf of the local governmental entity." TEX. LOC. GOV'T CODE ANN. § 271.151(2). The supreme court has interpreted "contract subject to this subchapter" to mean that the contract must be in writing, state the essential terms of the agreement, provide for goods or services to the local governmental entity, and be executed on behalf of the local governmental entity. *City of Houston*, 353 S.W.3d at 135 (citing TEX. LOC. GOV'T CODE ANN. § 271.151(2)).

### C. Discussion

**The Officers' Pleadings**

In their live pleadings, the Officers alleged that the City conducted a special election to submit a pay referendum to the voters, the voters passed the referendum, and the City adopted the referendum by passing the Ordinance. They alleged that the City implemented the pay raises contained in the Ordinance by adopting two pay resolutions, Resolutions 79–0348 and 79–0434, specifying the base pay by rank. They alleged that "the Ordinance became a non-negotiable and essential written term in each [Officer]'s contract of employment with the City, which was accepted by [the Officers] through their performance." They alleged that the City breached the

Ordinance by failing to "maintain the established percentage pay differentials between the grades" in all future salary adjustments. They alleged that they did not become aware of the City's non-compliance until December 1993. The Officers alleged that they each had a contract of employment with the City, that the City breached the contracts, and that the Officers suffered "actual damages equal to the difference between the amount of each [Officer]'s salary that the City actually paid, and the amount that the City should have paid had it maintained the percentage pay differential between all grades that existed on the effective date of the Ordinance in all pay resolutions adopted by the City after that date . . . ." The Officers do not seek back pay after May 1998.

The Officers also alleged a waiver of governmental immunity under section 271.152. They alleged that "the combination of the pay referendum, the Ordinance, other ordinances, the City Charter, and the relevant pay resolutions adopted by the City, all of which were properly executed by the City, and all of which contain the essential terms of the City's agreement to employ [the Officers] and to pay them the compensation provided by these documents, satisfy the requirements of a written contract within the meaning of § 271.151(2) of the Local Government Code."

**The City's Pleas to the Jurisdiction**

In its pleas to the jurisdiction, the City did not dispute that it is a local governmental entity or that it is authorized by statute or the constitution to enter into a contract as required by section 271.152. However, the City did dispute whether it entered into a contract subject to section 271.152. We conclude that it did.

In *City of Houston*, the supreme court examined whether city ordinances and oth-

er documents constituted a contract between the city and its firefighters within the meaning of section 271.152. 353 S.W.3d at 134–39. The Officers argue that *City of Houston* controls the outcome in these appeals, while the City contends that *City of Houston* is distinguishable. We agree with the Officers.

## The *City of Houston* Case

A group of firefighters sued the city of Houston alleging wrongful underpayment of lump sums due upon termination of their employment. *Id.* at 131. The city argued it was immune from the firefighters' lawsuit, and the issue was whether the city ordinances and other documents relied on by the firefighters constituted a contract within the waiver of section 271.152. *Id.* The city argued that the legislature did not intend for section 271.152 to apply to municipal ordinances. *Id.* at 135.

The supreme court examined whether certain city ordinances relied on by the firefighters constituted a "contract subject to this subchapter." *Id.* at 134–35. The court stated that a contract to which section 271.152 applies is in writing, states the essential terms of the parties' agreement, provides for goods or services to the local governmental entity, and is properly executed on behalf of the local governmental entity. *Id.* at 137 (citing TEX. LOC. GOV'T CODE ANN. § 271.151(2)).

The court began its analysis by noting that a contract may be bilateral or unilateral. *Id.* at 135–36. A unilateral contract is formed in the employment context when an employer promises a benefit if the employee performs. *Id.* at 135–36 (citing *Vanegas v. Am. Energy Servs.*, 302 S.W.3d 299, 303 (Tex.2009)). The consideration for the promise is performance, and the contract becomes enforceable when the employee performs. *Id.* at 136. The court concluded that under some circumstances an ordinance or group of ordinances may

constitute a unilateral contract between an employer and an employee. *Id.* at 136–37. The court said that multiple related documents may be read together as a single agreement, and that the contract did not require particular words as long as the documents stated the essential terms of the agreement. *Id.* at 137. However, the court also said that "most municipal ordinances will not function as contracts within the meaning of section 271.151(2), because most will not contain the detailed request for performance and promised compensation ... nor will they be cognizable as an offer to identifiable offerees[.]" *Id.* at 143.

The firefighters in that case relied on city ordinances that addressed termination and overtime pay. *Id.* at 138. One ordinance stated that firefighters and police officers who leave the service "shall receive, in a lump sum payment, the full amount of his salary for the period of his accumulated vacation leave, minus any hours of vacation leave previously taken during the calendar year in which the termination occurs." *Id.* at 150 n. 10 (quoting Houston, Tex., Code of Ordinances ch. 34, art. I, § 34–3(b)). Another ordinance stated that firefighters "shall be entitled to overtime pay...." *Id.* app. at 152 (quoting Houston, Tex., Code of Ordinances ch. 34, art. III, § 34–59(b)). The supreme court said the ordinances "promised the Firefighters specific compensation in the form of overtime pay and termination pay." *Id.* at 138. It said the ordinances evidenced the city's intent to be bound by the "extensive use of the word 'shall.' " *Id.*

The supreme court next examined whether the documents contained the essential terms of the agreement. *Id.* at 138–39. It said that "essential terms" has been characterized as including " 'the time of performance, the price to be paid, ... [and] the service to be rendered.' " *Id.* (quoting *Kirby Lake Dev., Ltd. v. Clear*

*Lake City Water Auth.,* 320 S.W.3d 829, 838 (Tex.2010)). It said that "[i]n the context of employment agreements, typical essential terms include, among others, 'compensation, duties or responsibilities.' " *City of Houston,* 353 S.W.3d at 139 (citing *Martin v. Credit Prot. Ass'n., Inc.,* 793 S.W.2d 667, 669 (Tex.1990)). The supreme court said the ordinances upon which the firefighters relied "plainly reflect such terms." *Id.* It found the "time of performance" element in the ordinance's "definitions of 'workweek,' ... 'time actually worked or actual work,' ... and 'overtime,' ... and in the various holiday, vacation, and leave provisions" of the city's code of ordinances. *Id.* (internal citations omitted). It also found the "price to be paid or compensation" element "in the definitions of 'overtime,' ... and 'regular rate of pay,' ... and in the various termination pay, overtime, holiday, vacation, and leave provisions" of the city's code of ordinances." *Id.* (internal citations omitted). And it found the "service to be rendered" element in the code provisions describing the firefighters' duties. *Id.*

Having determined that the ordinances when read together contained the essential terms of the agreement, the court next examined whether the ordinances provided for services to the city. The court characterized "services" as "encompass[ing] a wide array of activities, generally including any act performed for the benefit of another." *Id.* (citing *Kirby Lake,* 320 S.W.3d at 839). The court cited the ordinances which described the firefighters' duties as " 'extinguishing fires and conflagrations and preventing loss of human life and property,' ... 'operating the fire alarm system,' ... and 'conducting inspections, reviewing plans for construction and conducting public information campaigns to reduce the loss of life and property by fire[.]' " *Id.* at 138 (internal citations omitted). The court also concluded that those

"services were rendered to the City" and "[t]he Firefighters benefitted the City by providing fire protection services as defined in the Ordinances themselves." *Id.* at 139.

The final element the court examined was whether the ordinances were executed by the city. *Id.* The city did not deny that the ordinances "were duly enacted," but challenged whether the ordinances were "executed." *Id.* The court noted that section 271.151(2) did not define the term "executed," but said that it "means to 'finish' or to 'complete,' and that it is not necessary to sign an instrument in order to execute it, unless the parties agree that a signature is required." *Id.* (citing *Mid–Continent Cas. Co. v. Global Enercom Mgmt., Inc.,* 323 S.W.3d 151, 157 (Tex. 2010) (per curiam)). The court said the parties had not agreed that a signature was required and that when the city duly enacted the ordinances with the intent to be bound by them, the ordinances were "executed" for purposes of section 271.151(2). *Id.*

After examining all the elements of a contract required by section 271.151(2), the supreme court concluded that the ordinances when read together constituted a unilateral employment contract with the city within the waiver of section 271.152, which the firefighters accepted by performing their jobs. *Id.* at 137–39.

### The City's Arguments about At–Will Employment

■ Before we examine whether the Ordinance and other documents upon which the Officers rely constitute a contract, we first address the City's contention that there can be no employment contract because the Officers are at-will employees. In its pleas to the jurisdiction, the City contended that the Officers are employees at will who do not have

employment contracts with the City. The City argues that the presumption in Texas is that employees are at will and the Officers must show "that the employer unequivocally indicated a definite intent to be bound not to terminate the employee except in clearly specified circumstances." The City relies on the affidavit testimony of Patsy Palmer, the City's compensation manager, who testified that the Officers do not have written employment contracts with the City.

■ The issue in this case, however, is not whether the parties agreed that the City would not "terminate the employee except in clearly specified circumstances." Instead, the issue is whether the City and the Officers entered into a contract within the waiver of section 271.152. Even in an at-will employment situation, an employer and an employee may enter into an employment-related contract. *See, e.g., Vanegas,* 302 S.W.3d at 303 (stating that promise to pay five percent of proceeds from sale or merger to at-will employees who remained after sale or merger was enforceable as unilateral contract); *Hathaway v. Gen. Mills, Inc.,* 711 S.W.2d 227, 228 (Tex.1986) (recognizing that terms of employment of at-will employees may be modified).

The City also cites a personnel rule that disavows the creation of an employment contract. Section 34–1 of the personnel rules states, "Nothing in this chapter conveys a contract of employment with the City of Dallas. Nothing in this chapter conveys a private cause of action to any employee." Dallas, Tex., Code ch. 34, § 34–1 (2011). The City argues that section 34–1 "negates any implication that the City's personnel rules convert the employment-at-will relationship into an employment contract." The Officers argue that this rule was not in effect when their claims accrued, and the City responds by

stating the Officers are bound by the rule because they continued their employment.

By its terms, section 34–1 is specifically limited to the provisions in chapter 34; it does not apply to the Ordinance. But even if it did, the issue here is not whether the at-will employment relationship between the City and the Officers was "convert[ed]," but whether the Ordinance constituted a unilateral employment contract regarding the Officers' pay that the Officers accepted by performance within the waiver of section 271.152.

The City also argues that none of the documents upon which the Officers rely "evidence a definite intent on the part of the City to be contractually bound to terminate [the Officers] only in clearly specified circumstances." It cites our opinion in *Seals v. City of Dallas,* 249 S.W.3d 750 (Tex.App.-Dallas 2008, no pet.), to support its argument that the Officers' employment "is the traditional at-will employment favored in Texas." But *Seals* does not support the City's argument. As we have stated, the issue here is not whether the Ordinance evidenced the City's intent to change the Officers' at-will employment status. Additionally, in *Seals,* we said the appellant firefighters did not produce any evidence showing their employment was "anything other than the traditional 'at-will' employment favored in Texas." *Id.* We did not conclude, however, that an employer may never contract with an at-will employee regarding employment-related matters. *See id.* at 752–61. And in this case, the Officers point to a specific Ordinance which they claim evidenced the City's intent to be contractually bound. **Is There a Contract Under Section 271.151(2)?**

Using *City of Houston* as our guide, we now examine whether the documents upon which the Officers rely constitute a unilateral employment contract between the

City and the Officers within the waiver of section 271.152, which the Officers accepted by performance. As explained in *City of Houston*, a contract to which section 271.152 applies is in writing, states the essential terms of the agreement, provides for goods or services to the local governmental entity, and is properly executed on behalf of the local governmental entity. *City of Houston*, 353 S.W.3d at 137 (citing TEX. LOC. GOV'T CODE ANN. § 271.151(2)).

### 1. Ordinances and Other Documents May Constitute a Contract in Writing

■ We begin our analysis by noting that the Ordinance and other documents upon which the Officers rely are in writing as required by section 271.151(2). TEX. LOC. GOV'T CODE ANN. § 271.151(2). The City argues that these other documents "do not relate at all to any agreement to maintain pay differentials" and the Ordinance and other documents cannot be construed together to constitute a contract because they were not "executed at the same time, for the same purpose, and in the course of the same transaction." But the cases the City cites to support its arguments were decided before the supreme court's opinion in *City of Houston* and did not involve municipal ordinances or government employees. And in *City of Houston*, the supreme court construed multiple code provisions together as a contract without regard to when those provisions were passed or adopted. *See City of Houston*, 353 S.W.3d at 136–38. It also quoted its opinion in *Byrd v. City of Dallas*, 118 Tex. 28, 6 S.W.2d 738, 741 (1928), in which it construed together state statutes enacted in 1925 and city ordinances passed in 1916 and 1921 regarding a pension plan and concluded that when police officers and firefighters were employed by the City their participation in the City's "pension plan became 'as much a part of the agreed compensation as is the monthly stipend.'" *City of Houston*, 353 S.W.3d at 137.

The City also argues that this case is distinguishable from the *City of Houston* case because here the Officers are not "seeking to be paid specific compensation promised for the past performance of specific duties, [but] seek to use the provisions to alter the presumption of at-will employment. . . ." As we have explained, however, the Officers have not alleged that the Ordinance altered their at-will employment status with the City. Instead, they argue that, to the extent the Officers' employment with the City was not terminated after the Ordinance was enacted, the Ordinance bound the City to pay the Officers in accordance with its terms.

### 2. States the Essential Terms

Section 271.151(2) also requires the written contract to state the essential terms of the parties' agreement. TEX. LOC. GOV'T CODE ANN. § 271.151(2). In *City of Houston*, the court stated that the essential terms are "time of performance," "price to be paid" and "service to be rendered." 353 S.W.3d at 138–39. In the context of employment agreements, it stated that the essential terms include "compensation, duties or responsibilities." *Id.* at 139. The Officers here relied on the pay referendum, the Ordinance, resolutions implementing the Ordinance, and various provisions of the City's charter and code to supply the essential terms of the agreement.[2] The City argues that alone or together these provisions do not state the "essential terms of a contract to maintain pay differentials between ranks."

---

**2.** The Officers also referred to many other rules and code and charter provisions to support their arguments that the contract stated the essential terms of the parties' agreement, but we do not address those for purposes of this appeal.

### a. Time of performance

■ With regard to the "time of performance," the Officers cited provisions in Chapter 34 of the City's code defining "work period" and "work hours" for "sworn employees of the police department"; "work period" and "work hours" for "sworn employees of the fire department"; and various holiday, vacation, and leave provisions. *See, e.g.*, Dallas, Tex., Code ch. 34, §§ 34–4 (definitions), 34–16 (standard work day and 24–hour staffing), 34–17 (overtime and paid leave), 34–19(a) (work period and hours for sworn employees of police department), 34–19(b) (work period and hours for sworn employees of fire department), 34–22 (sick leave), 34–23 (vacation leave), 34–24 (compensatory leave), 34–25 (holidays for fire department and employees who regularly work holidays), 34–26 (court leave), & app. A (alternate work schedules) (1995).[3]

The City argues that those provisions do not mention "a time of performance for the accrual of the right to a pay differential." But the code sets out the work period, work hours, and various leave provisions for the police and fire department employees. And those provisions are similar to the provisions in Houston's code of ordinances that the supreme court found satisfied the element of "time of performance." *See City of Houston*, 353 S.W.3d at 139 & app. at 151–54. We conclude that the provisions of the City's code cited by the Officers satisfy the essential term of "time of performance" in this case. *See id.*

### b. Compensation/price to be paid

■ The Ordinance states that the Officers "shall" receive a certain pay raise and the City "shall" maintain the percentage pay differential between grades. Dallas, Tex., Ordinance 16084. It is undisputed

that the Officers received the salary raise included in the Ordinance; the issue is whether the City was required to maintain the percentage pay differential from that date forward. The City argues that "[m]aintaining pay differentials is not a specific price to be paid" and "is not a promised benefit, because differentials can be maintained by *raising all salaries* by the same percentage, *keeping salaries the same,* or even *lowering all salaries* by the same percentage." It also argues that the various holiday, vacation pay, and sick leave provisions cited by the Officers "are simply general policies pertaining to the accrual and payment of those benefits and do not relate to any alleged contract to maintain pay differentials forever." But the various holiday, vacation, and leave provisions are similar to those provisions in Houston's code of ordinances that the supreme court concluded satisfied the "compensation" or "price to be paid" element of a contract. *See City of Houston*, 353 S.W.3d at 139 & app. at 151. And we do not find persuasive the City's argument that the differential could also be maintained by lowering all Officers' salaries. The issue is whether the provisions state the essential terms of a contract, regardless of the interpretation of its terms.

The City also contends that the "only payments due that can be determined from the documents" are the salaries referred to in the resolutions that the Officers do not complain about (the 15% pay raise). But the Ordinance, along with the resolutions adopted to implement the Ordinance, stated more:

(1) From and after October 1, 1978, each sworn police officer and fire fighter and rescue officer employed by the City of Dallas, shall receive a raise in salary

---

**3.** The cited code is the version through March 1995 amendments; the parties do not contend that the relevant sections have changed since 1979.

in an amount equal to not less than 15% of the base salary of a City of Dallas sworn police officer or fire fighter or rescue officer with three years service computed on the pay level in effect for sworn police officers and fire fighter and rescue officers of the City of Dallas with three years service in effect in the fiscal year beginning October, 1977; (2) The current percentage pay differential between grades in the sworn ranks of the Dallas Police Force and the Fire Fighter and Rescue Force shall be maintained[.]

Dallas, Tex., Ordinance 16084, § 4. The Ordinance expressly stated that the pay raise was to be calculated on the respective base pay of an officer with three years' service. And the resolution implementing the Ordinance expressly stated the amount of the base pay for a police officer with three years' service, a firefighter with three years' service, and a rescue officer with three years' service. Dallas, Tex., Resolution 79–0348 (1979). It also stated that a pay differential "shall be maintained." When construed together, we conclude that they established the "compensation" or "price to be paid." *See City of Houston*, 353 S.W.3d at 139 (concluding that definitions of "overtime," "regular rate of pay," and other leave provisions of city code satisfied element of "compensation" or "price to be paid").

The City also argues that the Officers "seek to use the pay differential provision in the 1979 Ordinance" differently from the firefighters in Houston. It contends that the Officers do not seek a specific compensation that was promised for past performance, but, instead, "seek to use the provisions to . . . obtain consequential damages from the alleged failures to maintain differentials." We do not agree that this case is different from the *City of Houston* case. The Officers interpret the Ordinance to mean that maintaining the

differential in all future salary adjustments was part of the Officers' contract with the City. The lawsuits seek damages for breach of that contract. We conclude that the documents when read together provide the element of "compensation" or "price to be paid."

### c. Service to be rendered

■ Next, the City argues that none of the documents on which the Officers rely states the essential term "service to be rendered" in exchange for the promise to maintain the percentage pay differential. We disagree.

The City's charter describes the duties and responsibilities of the sworn members of the police and fire departments. For example, section 6 describes the duties of a police officer to include the prevention of crimes, the enforcement of laws, the detention and arrest of offenders, and the preservation of the public peace, health, and safety. Dallas, Tex., Charter, ch. XII, § 6 (1976). The charter describes the duties of the chief of the fire-rescue department as protecting "the city and the property of its citizens from destruction by fire or conflagration" and states that one of the chief's duties is to provide fire-rescue personnel and services for emergency use. *Id.* ch. XIII, § 2. Construing section two in the Officers' favor, we conclude that the fire-rescue personnel referred to in that section have the same duties to protect the city and its citizens' property from destruction by fire or conflagration. *See id.; see also Miranda*, 133 S.W.3d at 238 (stating court must construe evidence and reasonable inferences in favor of nonmovant). The charter also gives "[e]ach member of the fire-rescue department acting under orders of a commanding officer" the authority "to exercise powers of police officers while *going to*, attending, or *returning* from any fire, alarm of fire, or rescue

situation." Dallas, Tex., Charter, ch. XIII, § 7. While the job descriptions of the firefighters in the City's charter are not as detailed as those in Houston's ordinances, we conclude that they are sufficient to satisfy the element of "service to be rendered" by the Officers. *See City of Houston,* 353 S.W.3d at 138 (describing firefighters' duties).

### 3. That Provides for Goods or Services to the Local Governmental Entity

■ The City argues that an employment contract is not a contract for goods or services. However, in *City of Houston,* the supreme court held that the provision of firefighting services constituted a "service" for purposes of section 271.151(2). The court said that " 'services' under section 271.151(2) encompass a wide array of activities, generally including any act performed for the benefit of another." *Id.* at 139. It concluded that the firefighters in that case provided a benefit to the city "by providing fire protection services as defined in the Ordinances themselves." *Id.*

As in that case, the Officers here provided a benefit to the City by providing police protection and fire-and-rescue protection services as defined in the City's charter. We perceive no difference between the services rendered in *City of Houston* and those rendered here.

### 4. That is Properly Executed by the Local Governmental Entity

■ Section 271.151(2) also requires the contract to be executed on behalf of the local governmental entity. Tex. Loc. Gov't Code Ann. § 271.151(2); *City of Houston,* 353 S.W.3d at 137. The City contends that it did not properly execute the contract in this case because none of the documents was signed or approved by the appropriate people. *See* Dallas, Tex., Charter, ch. XXII, § 1 (2006) (requiring public contracts to be signed by city manager and

approved by city attorney). It argues that the Ordinance was approved by the city attorney but not signed by the city manager, the resolutions were signed by the city manager but not approved by the city attorney, and the charter was approved by a special act not by signature. The City argues that "[w]ithout the proper signatures, the City has no intent to be contractually bound to employees by its legislation." We disagree.

By use of the word "shall" in the Ordinance, the City made a promise that evidenced its intent "to act in a specific way[.]" *See City of Houston,* 353 S.W.3d at 138 (stating a promise "is a manifestation of intention to act ... in a specified way, so made as to justify a promisee in understanding that a commitment has been made") (quoting *Montgomery Cnty. Hosp. Dist. v. Brown,* 965 S.W.2d 501, 502 (Tex.1998)). And in adopting the Ordinance, the City said it was "valid and binding[.]" Dallas, Tex., Ordinance 16084.

Additionally, chapter XVIII, section 14 of the City's charter states that when the majority of the qualified electors vote in favor of a proposed ordinance the ordinance becomes "a valid and binding ordinance of the city, and ... cannot be repealed or amended except by a vote of the people." Dallas, Tex., Charter, ch. XVIII, § 14. To require the city manager's signature on the Ordinance to make its terms valid and binding on the City would render both the charter and the Ordinance meaningless. *See id.; see also City of Houston v. Petroleum Traders Corp.,* 261 S.W.3d 350, 357–58 (Tex.App.-Houston [14th Dist.] 2008, no pet.) (rejecting city's argument that because contract not signed by mayor and comptroller it was not "properly executed"); *City of Houston v. Clear Channel Outdoor, Inc.,* 233 S.W.3d 441, 446–47 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (same).

In summary, we conclude that the Officers alleged a unilateral contract with the City that satisfies the requirements of the waiver of immunity for breach of contract claims in section 271.152 of the local government code. However, we previously concluded in *Arredondo* that the language of the Ordinance was ambiguous about whether the differential was intended to apply that one time or to all future salary adjustments.[4] *See Arredondo,* 79 S.W.3d at 669. As we stated then, we again state that the resolution of that issue is one for the fact-finder on remand. *Id.*

We affirm the trial court's order denying the City's pleas to the jurisdiction on the Officers' claims for breach of contract.

### III. CLAIMS FOR DECLARATORY JUDGMENT AND ATTORNEY'S FEES

In 2011, the supreme court issued an opinion in the *Albert* case holding that the Officers' claims for declaratory relief must be dismissed because their "only potential relief was an award of money damages" and the City was immune from those claims. *See Albert,* 354 S.W.3d at 378–79. On remand, the represented Officers amended their petitions and dropped their claims for declaratory judgment, but the unrepresented Officers did not. Because all the Officers were represented by counsel when the petition for review was filed, however, we conclude that *Albert* applied to all the Officers. Consequently, pursuant to *Albert,* all claims for declaratory judgment should have been dismissed. *See id.* Because the trial court denied the City's pleas to the jurisdiction asserted against the unrepresented Officers' claims

for declaratory judgment, we conclude that the trial court erred. We sustain the City's third issue and reverse the trial court's order denying the City's pleas to the jurisdiction on the unrepresented Officers' claims for declaratory judgment.

The Officers also sought attorney's fees for breach of contract. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 38.001 (West 2008). The City filed special exceptions arguing that it was not an individual or a corporation for purposes of chapter 38. *See* TEX. LOC. GOV'T CODE ANN. § 5.904 (West 2008) (stating that municipality not considered corporation unless express words are used); *see also City of Alton v. Sharyland Water Supply Corp.,* 277 S.W.3d 132, 147 (Tex.App.-Corpus Christi 2009) (concluding that attorney's fees not available against municipality for breach of contract), *rev'd on other grounds,* 354 S.W.3d 407 (Tex.2011); *City of Carrollton v. Cecil Carr Constr. Co., Inc.,* No. 05–92–00083–CV, 1993 WL 58660, at *4 (Tex.App.-Dallas Mar. 3, 1993, writ denied) (not designated for publication). The trial court sustained the City's special exceptions, struck the allegations for attorney's fees, and ordered certain named parties to amend their petitions.[5] The represented Officers nonsuited their claims for attorney's fees, but the unrepresented Officers did not.

The City argues that the trial court erred by denying its pleas to the jurisdiction on the unrepresented Officers' claims for attorney's fees when they did not amend their petitions pursuant to the trial court's orders. We agree the court erred with respect to the Officers the court

---

4. The Officers also contend that *Arredondo* concluded that the Ordinance was a contract and that *Arredondo* is the law of the case. But the issue of whether the documents constituted a contract for purposes of waiver under section 271.152 was not before the

Court in that case. *See generally Arredondo,* 79 S.W.3d at 659–70.

5. It appears the trial court's orders were addressed only to those unrepresented Officers who had notice of the hearing on the City's special exceptions.

named in its orders. We sustain issue four as to those parties named in the court's orders and reverse the trial court's denial of the City's pleas on the claims for attorney's fees as to those parties to the extent they have not already nonsuited their claims in compliance with the trial court's orders: [6]

In the *Barber* case: Kenneth E. Brooks, Bernardo Croitoru, Blaine A. Danyluk, James R. Larabee, Clay P. Reed, Donald L. Sutton.

In the *Albert* case: Enriquez Andres, Irving Butler, Henry Castro, Isaac F. Conway, Marshall W. Cook, Kenneth W. Crenshaw, Kenneth H. Cunningham, James L. Davis, Richard L. Dewees, Gerald W. Fields, Jeffery Lyn Francis, Claude L. Hight, Jennifer Bradley a/k/a Jennifer Hopps, Michael A. Johnson, James P. Kean, Donald R. Kern, Frank E. Medina, Brian A. Partington, Donald W. Reed, Woodson R. Russell Jr., Thomas S. Swing, David Sypert, Kevin George Tuma, Ulysses Underwood, George W. Williams, Douglas R. York, and Rodney B. Young.

In the *Willis* case: Donald W. Casey, William D. Cowley, Rita M. Dotson, Todd M. Graves, Ronald A. Guy, Garry D. Hasty, Richard E. Henderson, David Jackson, Donnie M. Mashburn, Agustin J. Serratos, Maurice L. Simmons, Terry C. Smith, Elvin E. Spears, Lawrence F. Stromile, Theodore G. Weissenborn; Patrick W. Alexander, Timothy E. Allen, James W. Almy, Frankie J. Anderson, Chris R. Aulbaugh, Charles L. Avery, Carl A. Barnes, Leslie A. Bassham, Norman Bell III, David O. Brown, Tommy R. Buggs, Duward W. Burgess, Santos Cadena Jr., Sandra D. Caro, William D. Cowley, Helena A. Davis, Larry C. Davis, Jacquelynne D. Dennis, Rita McKay Dotson, Kyge C. Edmonds, Lenard L. Farrow, Michael E. Finley, Reginald G. Franklin, Todd M. Graves, Dwaine E. Hall, Kim E. Hammond, Scott A. Hanten, Bobby W. Hargis, Garry D. Hasty, Kevin J. Heath, Richard E. Henderson, Timothy J. Holland, Townsend B. Howard, Charles W. Hudson, David Jackson, Lorrie A. Jackson, John H. James, Milton R. Jarvis Jr., Rodney E. Jones, Bradley M. Jordan, Donnie M. Mashburn, Clark D. Mendenhall, Billie L. Miller, Albert C. Moore, John K. Morris, Frank C. Muscato, Karen B. Muscato, Anthony W. Neely, Marvin J. Ned, Lonnie W. Osborn, Richard L. Pace, David L. Peeples, Bobby J. Reeves, Vanessa A. Rudloff, Agustin J. Serrates, Steven G. Shaw, Robert A. Sherwin, Maurice L. Simmons, Terry C. Smith, Steven E. Sparks, Elvis E. Spears, Vickie Stonaker Snow, Gloria D. Spencer, Paul A. Stokes, Lawrence F. Stromile, Douglas W. Thigpen, Bryant C. Thomas, Brian K. Verdine, David G. Vestal, Daryl D. Walker, Lynette C. Washington, Diana G. Watts, Jewel K. Warren, Peggy J. Warren, Donald E. Williams, and Pedro Zamora.

## IV. CONCLUSION

We reverse the trial court's order denying the City's pleas to the jurisdiction on the unrepresented Officers' claims for declaratory judgment and render judgment granting the City's pleas on those claims. We reverse the trial court's order denying the City's pleas to the jurisdiction on the named unrepresented Officers' claims for attorney's fees, and we render judgment granting the City's pleas on those claims. We otherwise affirm the trial court's order denying the City's pleas to the jurisdiction.

___

**6.** Some of the names in the orders were duplicated across multiple orders and some appear to have been included in the wrong trial court cause number.