**CITY OF DALLAS, Petitioner,**

v.

**David S. MARTIN and George G. Parker, et al., Respondents.**

No. 07–0288.

Supreme Court of Texas.

Argued Dec. 17, 2009.

Decided Dec. 16, 2011.

Rehearing Denied April 20, 2012.

Barbara E. Rosenberg, Peter Brooke Haskel, James B. Pinson, Assistant City Attorneys, Madeleine B. Johnson, Southwest Airlines, Office of the Vice President, E. Leon Carter, Munck Carter P.C., Richard A. Sayles, John Andrew Conway, Sayles @ Werbner, P.C., Thomas P. Perkins Jr., Dallas City Attorney, Deborah G. Hankinson, William Richard Thompson II, Hankinson Levinger LLP, Dallas TX, for City of Dallas.

Charles W. McGarry, Law Office of Charles McGarry, Bob Gorsky, Lyon, Gorsky, Haring & Gilbert, LLP, Dallas TX, Robert C. Lyon, Robert Lyon & Associates, Rowlett TX, for David S. Martin.

Eric G. Calhoun, Travis & Coulhoun, P.C., Dallas, TX, for Dallas Police.

Philip A. Lionberger, Office of the Attorney General, Assistant Solicitor General, Austin, TX, for amicus curiae State of Texas.

Justice JOHNSON delivered the opinion of the Court, in which Chief Justice JEFFERSON, Justice HECHT, Justice WAINWRIGHT, Justice MEDINA, Justice GREEN, Justice GUZMAN, and Justice LEHRMANN joined.

This appeal involves issues of governmental immunity from suit. With the exception that this matter is a class action, which does not affect our analysis or conclusions, and one argument that we address separately, the material facts, procedural background, issues, and arguments presented are similar to those we considered in *City of Dallas v. Albert*, 354 S.W.3d 368 (Tex.2011). Thus, our conclusions and holdings are the same as those in *Albert*.

The matter [1] arises out of a dispute over whether the City of Dallas paid its firefighters and police officers in accordance with a 1979 ordinance adopted pursuant to a voter-approved referendum.[2] Claiming the City had not properly paid them, some firefighters and police officers (collectively, the Officers) brought a class action assert-

---

1. This appeal involves two petitions, *City of Dallas v. Martin* (No. 07–0288) and *City of Dallas v. Parker* (No. 07–0289), which we consolidated.

2. The ordinance, in relevant part, states:
   Be it ordained that: (1) From and after October 1, 1978, each sworn police officer and fire fighter and rescue officer employed by the City of Dallas, shall receive a raise in salary in an amount equal to not less than 15% of the base salary of a City of Dallas sworn police officer or fire fighter and rescue officer with three years service computed on the pay level in effect for sworn

   police officers and fire fighters and rescue officers of the City of Dallas with three years service in effect in the fiscal year beginning October, 1977; (2) The current percentage pay differential between grades in the sworn ranks of the Dallas Police Force and the Fire Fighter and Rescue Force shall be maintained; and (3) Employment benefits and assignment pay shall be maintained at levels of not less than those in effect for the fiscal year beginning October, 1977.
   Dallas, Tex., Ordinance 16084 (Jan. 22, 1979).

ing breach of contract claims and seeking a declaratory judgment.

As it did in *Albert*, the City filed a counterclaim, later filed a plea to the jurisdiction based on governmental immunity, and then dismissed its counterclaim. The trial court denied the City's plea to the jurisdiction and the City filed an interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(8). While the appeal was pending at the court of appeals, the Legislature amended the Local Government Code to provide for a limited, retroactive waiver of certain local governmental entities' immunity from suit. *See* TEX. LOC. GOV'T CODE § 271.152.[3] In light of judicial[4] and legislative proceedings that took place after the trial court made its rulings, the court of appeals affirmed in part, reversed in part, and remanded the case for reconsideration by the trial court. 214 S.W.3d 638, 644 (Tex.App.–Dallas 2006).

For the reasons set out in *Albert* we conclude that: (1) the ordinance's adoption by means of referendum did not result in the City's loss of immunity from suit; 354 S.W.3d at 368; (2) the City has immunity from suit as to the declaratory judgment action; 354 S.W.3d at 368; (3) by non-suiting its counterclaim the City did not reinstate immunity from suit as to the Officers' claims that were pending against the City when it non-suited the counterclaim; 354 S.W.3d at 368; and (4) the case must be remanded for the trial court to consider whether the Legislature waived the City's immunity by amending the Local Government Code. 354 S.W.3d at 368.

In addition to arguments made in *Albert* and addressed above, the Officers in this case assert that the City's immunity from suit is waived because the suit implicitly involves the validity of pay resolutions adopted by the city council. *See* TEX. CIV. PRAC. & REM.CODE § 37.006(b) ("In any proceeding that involves the validity of a municipal ordinance ... the municipality must be made a party....."). However, the Officers' pleadings do not support this contention. Their pleadings reference the ordinance as having become a term of their employment contracts and two resolutions as possible bases for calculating their damages. They do not question the validity of either the ordinance or a resolution.

We reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WILLETT filed a dissenting opinion.

Justice WILLETT, dissenting.

For the reasons stated in my dissent in *Albert*, 354 S.W.3d at 383, I would decline to reach the issues decided by the Court, and would instead remand to the trial court to consider first whether amend-

---

**3.** Section 271.152 of the Local Government Code provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.

**4.** More specifically, we decided *Tooke v. City of Mexia*, 197 S.W.3d 325 (Tex.2006) and *Reata Construction Corp. v. City of Dallas*, 197 S.W.3d 371 (Tex.2006). In *Tooke* we held that the phrases "sue and be sued" and "plead and implead" do not constitute clear and unambiguous waivers of governmental immunity. 197 S.W.3d at 342. In *Reata* we held that a governmental entity does not have immunity from monetary claims against it that are "germane to, connected with, and properly defensive to" affirmative claims made by the entity, to the extent the claims against the entity offset the entity's claims. 197 S.W.3d at 378.

ments to Chapter 271 of the Local Government Code effect a waiver of the City's immunity.