**AFFIRM; and Opinion Filed July 20, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-01227-CV

**CITY OF DALLAS, MIKE RAWLINGS, SCOTT GRIGGS, ADAM MEDRANO, CASEY THOMAS II, CAROLYN KING ARNOLD, RICKEY D. CALLAHAN, MONICA R. ALONZO, TIFFINNI A. YOUNG, ERIK WILSON, MARK CLAYTON, B. ADAM MCGOUGH, LEE M. KLEINMAN, SANDY GREYSON, JENNIFER S. GATES, PHILIP T. KINGSTON, AND A.C. GONZALEZ, Appellants**

**V.**

**DAVID S. MARTIN, JAMES A. BRADDOCK, OBIE CARTMILL, ROBERT DALE MARTIN, O.J. ADAIR, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AND GEORGE G. PARKER, JOE M. GUNN, STEPHEN W. TOTH, NATHAN TRAMMEL, AND TODD A. STRATMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AND DALLAS POLICE AND FIRE PENSION SYSTEM, Appellees**

On Appeal from the 382nd Judicial District Court
Rockwall County, Texas
Trial Court Cause No. 1-95-506

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Schenck

The City of Dallas ("City") and Mike Rawlings, Scott Griggs, Adam Medrano, Casey

Thomas II, Carolyn King Arnold, Rickey D. Callahan, Monica R. Alonzo, Tiffinni A. Young,

Erik Wilson, Mark Clayton, B. Adam McGough, Lee M. Kleinman, Sandy Greyson, Jennifer S.

Gates, Philip T. Kingston, and A.C. Gonzalez (collectively "City Officials") filed interlocutory

appeals from orders denying their jurisdictional challenges in two lawsuits current and former

police officers, firefighters, and rescue officers ("Officers") filed against the City, in which the

Dallas Police and Fire Pension System ("Pension System") intervened joining the City Officials as third-party defendants. For the following reasons, we affirm the trial court's orders denying the City's and the City Officials' jurisdictional challenges.[1] Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

**FACTUAL AND PROCEDURAL BACKGROUND**
**AND RELEVANT PRIOR DECISIONS OF THIS COURT AND THE TEXAS SUPREME COURT**

In 1979, the voters of Dallas approved a pay referendum for the City's sworn officers, and the City enacted an ordinance (the "Ordinance") adopting the referendum. The Ordinance states:

> Be it ordained that:
>
> (1) From and after October 1, 1978, each sworn police officer and fire fighter and rescue officer employed by the City of Dallas, shall receive a raise in salary in an amount equal to not less than 15% of the base salary of a City of Dallas sworn police officer or fire fighter and rescue officer with three years['] service computed on the pay level in effect for sworn police Officers and fire fighter and rescue Officers of the City of Dallas with three years['] service in effect in the fiscal year beginning October, 1977;
>
> (2) The current percentage pay differential between grades in the sworn ranks of the Dallas Police Force and the Fire Fighter and Rescue Force shall be maintained; and
>
> (3) Employment benefits and assignment pay shall be maintained at levels of not less than those in effect for the fiscal year beginning October, 1977.

Dallas, Tex., Ordinance 16084, § 4 (Jan. 22, 1979). In addition, the City passed two resolutions implementing the Ordinance. In the succeeding years, the City raised salaries through annual pay resolutions passed by City Council. As time passed, the Officers accused the City of failing to maintain the percentage pay differential stated in clause 2 of the Ordinance.

---

[1] The Officers make a powerful argument for denying serial appeals and motions for rehearing on jurisdictional challenges that could have been raised in prior appeals. Given where the arguments on this appeal lead us, we reserve consideration and a decision on this issue for another day.

In 1995, the Officers filed their lawsuits asserting the Ordinance requires the City to continue maintaining the pay differentials established in 1979 between all Officer grades until changed by referendum vote. The Pension System intervened with claims against the City Officials for contributions to the pension fund it claims will be owed if the Officers recover on their claims for back pay. The City and the City Officials maintain that the Ordinance was a one-time salary adjustment and was not intended to apply to all future salary adjustments.

On June 4, 2002, this Court reversed a summary judgment in favor of police officers and firefighters in another case involving the Ordinance at issue here. In doing so, we concluded that the Ordinance is patently ambiguous about whether it was intended to be a one-time salary adjustment or to apply to all future salary adjustments. *See Arredondo v. City of Dallas*, 79 S.W.3d 657, 668 (Tex. App.—Dallas 2002, pet. denied) ("*Arredondo I*"). We further stated "[b]ecause the Ordinance constitutes a contract between the City and Plaintiffs, resolution of the ambiguity issue requires a determination by the fact-finder as to the intent of the parties to the contract, i.e., what the City and Plaintiffs thought the Ordinance meant, as evidenced by, among other things, their conduct and any information disseminated by them to the voters." *Id.* We additionally stated, "because in this instance the City was bound by the decision of the voters and in fact had no authority to change any language in the Ordinance as drafted by the Dallas Police and Fire Action Committee, the intent of the voters is also relevant in resolving the ambiguity." *Id.*

After this Court reversed the summary judgment and remanded the *Arredondo* case for further proceedings, the City filed pleas to the jurisdiction in the cases that are currently before this Court, challenging subject-matter jurisdiction on immunity grounds. The trial court denied the pleas, and the City appealed. On December 21, 2006, this Court affirmed the trial court's

denials of the City's pleas as to the Officers' declaratory-judgment claims and reversed the trial court's denials of the City's pleas as to the Officers' breach-of-contract claims. *City of Dallas v. Martin*, 214 S.W.3d 638 (Tex. App.—Dallas 2006, pet granted), *rev'd*, 361 S.W.3d 560 (Tex. 2011).

The Texas Supreme Court granted the City's petition for review. During the pendency of the appeals, the legislature amended the local government code to provide for a limited, retroactive waiver of certain local governmental entities' immunity to suit for certain breach-of-contract claims. *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (West 2016).[2] On December 16, 2011, the supreme court concluded the City is immune from suit as to the Officers' declaratory-judgment claims, and remanded the cases to the trial court to determine whether the amendments to chapter 271 of the local government code effect a waiver of the City's immunity as to the Officers' breach-of-contract claims. *City of Dallas v. Martin*, 361 S.W.3d 560, 561 (Tex. 2011). The cases were then abated pending the resolution of a second appeal in the *Arredondo* case (*Arredondo II)* in which the City complained of the trial court's denial of its pleas to the jurisdiction as to the *Arredondo* plaintiffs' breach-of-contract claim.

On August 13, 2013, we concluded in *Arredondo II* that the police officers and firefighters alleged a unilateral contract with the City that satisfied the requirements of the waiver of immunity for breach-of-contract claims in section 271.152 of the local government code. *City of Dallas v. Arredondo*, 415 S.W.3d 327, 350 (Tex. App.—Dallas 2013, pet. denied). In addition, we noted that we had previously concluded in *Arredondo I* that the language of the Ordinance was ambiguous about whether the differential was intended to apply one time or to all future salary adjustments and that resolution of that issue is one for the fact-finder. *Id.* (citing

---

[2] Section 271.152 provides "[a] local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter." TEX. LOC. GOV'T CODE ANN. § 271.152.

*Arredondo*, 79 S.W.3d at 669).

After our decision in *Arrendondo II*, the City filed second pleas to the jurisdiction in the cases before us arguing, in part, that the Officers cannot plead a contract after April 1, 2002, to trigger the immunity waiver in section 271.152 of the local government code because City Council amended the City's personnel rules to disavow the creation of an employment contract. In addition, the City and the City Officials filed pleas to the jurisdiction urging the Pension System cannot plead a valid waiver of immunity from suit or a valid *ultra vires* action. The City and the City Officials also filed motions for summary judgment asserting, in part, that chapter 271 of the local government code does not provide a waiver of immunity for the Officers' breach-of-contract claims because no term of their alleged contract could be breached because the voters did not contemplate that the City would have to maintain differentials in any and all post-1979 pay scales. The trial court denied the pleas to the jurisdiction and the motions for summary judgment. These interlocutory appeals followed.

### DISCUSSION

### I.  Summary Judgment

In their first issue, the City and the City Officials argue the trial court erred in denying their motions for summary judgment on jurisdictional grounds, urging there is no essential term of the alleged contract that the City could have breached and no associated damages within chapter 271's waiver.[3]

#### A.  Limited Interlocutory Appellate Jurisdiction

An appellate court lacks jurisdiction to review an interlocutory order unless a statute specifically authorizes an exception to the general rule, which is that appeals may only be taken

---

[3] In their motions for summary judgment, the City and the City Officials asserted, in part, "There is no subject-matter jurisdiction for Plaintiffs' alleged breach of contract claims because the evidence conclusively establishes that the voters intended a one-time 15-percent pay increase and, therefore, there was no essential term that the City could have breached in the alleged contract and no associated damages within the waiver in Local Government Code chapter 271."

from final judgments. *Qwest Commc'ns Corp. v. AT & T Corp.*, 24 S.W.3d 334, 336 (Tex. 2000) (per curiam). Civil practice and remedies code section 51.014(a)(8) allows an appeal from an interlocutory order that "grants or denies a *plea to the jurisdiction* by a governmental unit as that term is defined in Section 101.001." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2016) (emphasis added). An interlocutory appeal may be had when a trial court denies a governmental unit's challenge to subject-matter jurisdiction, "irrespective of the procedural vehicle used." *Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006). The availability of an interlocutory appeal will not be decided by the form or caption of a pleading but will be determined by the substance of the motion to determine the relief sought. *Surgitek, Bristol–Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).

In its motion for summary judgment and on appeal, the City confuses immunity from suit with immunity from liability. Immunity from liability is an affirmative defense that can be stated as a ground for summary judgment. *State Tex. Dep't of Transp. v. Allodial Ltd. P'ship*, 280 S.W.3d 922, 926 (Tex. App.—Dallas 2009, no pet.) (citing *Tex. Dept't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). Immunity from liability may be challenged by summary judgment as it is inherently a plenary merit determination with an eye towards final judgment and all that proceeds it. The denial of a motion for summary judgment on immunity from liability grounds is not a final judgment, and when the claim of immunity from liability is not asserted in connection with an assertion of official immunity, is not an interlocutory order that may be reviewed immediately by accelerated appeal. *See, e.g., In re Lee*, 995 S.W.2d 774, 778 (Tex. App.—San Antonio 1999, orig. proceeding [mand. denied]).

Immunity from suit, on the other hand, concerns subject matter jurisdiction. *Id.* This jurisdictional inquiry is a facial assessment as to whether the court even has the power to proceed with the case and to entertain the merits of the case. Immunity from suit is properly asserted in a

plea to the jurisdiction, not a motion for summary judgment, and irrespective of the vehicle through which immunity from suit is raised, it is reviewed under the standards applicable to pleas to the jurisdiction. *Id.* Because we liberally construe the issues presented, we construe the City and the City Official's first issue as a challenge to the denial of a plea to the jurisdiction. *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008).

## B. Standard of Review

Generally, a plea to the jurisdiction may challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *See Zachry Constr. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 110 n.53 (Tex. 2014). When the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). When the plea appropriately challenges jurisdictional facts, we consider evidence submitted by the parties. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). "The court should, of course, confine itself to the evidence relevant to the jurisdictional issue." *Id.* We do not look to the merits of the claimant's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry, and we construe the pleadings liberally in favor of conferring jurisdiction. *Consumer Serv. All. of Tex., Inc. v. City of Dallas,* 433 S.W.3d 796, 802 (Tex. App.—Dallas 2014, no pet.). If the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact-finder. *Id.*

## C. Waiver of Immunity

In Texas, sovereign immunity deprives a trial court of subject-matter jurisdiction for lawsuits in which the state or certain governmental units have been sued unless the state consents

to suit. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The legislature waived a local governmental entity's immunity from suit for certain breach-of-contract claims by enacting section 271.152 of the local government code, which provides:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. To meet the definition of a "contract subject to this subchapter," the contract must: (1) be in writing; (2) state the essential terms of the agreement; (3) provide for goods or services; (4) to the local governmental entity; and (5) be executed on behalf of the local governmental entity. TEX. LOC. GOV'T CODE ANN. § 271.151(2) (defining "contract subject to this subchapter"); *City of Houston v. Williams*, 353 S.W.3d 128, 134 (Tex. 2011).

### D. Applicable Law

The City and the City Officials urge the Officers cannot satisfy the "essential terms of the agreement" prerequisite to a waiver of immunity. More particularly, they claim the evidence they submitted in support of their summary-judgment motions concerning the merits of the Officers' breach-of-contract claim establishes there is no essential term of the agreement *that can be breached* because the Ordinance was intended to be a one-time pay increase. But the jurisdictional inquiry does not extend to a final determination of liability on the merits with the non-movant obliged to come forward with its merits proof as it would after, for example, the completion of discovery. The City and the City Officials are essentially asking us to entertain a plenary interlocutory appeal of the denial of their motions for summary judgment on the merits of the Officers' breach-of-contract claims, an appeal over which we do not have jurisdiction. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996) (a denial of a motion for summary judgment is not a final judgment and is therefore generally not appealable).

–8–

The City and the City Officials mistakenly rely on *Zachry* as a means to invoke our jurisdiction over the merits of the Officers' claims. *Zachry*, 449 S.W.3d at 109. In that case, the supreme court stated "[t]he waiver does not depend on the outcome, though it does require a showing of a substantial claim that meets the Act's conditions." *Id.* The "substantial claim" reference concerned the issue of damages and whether the plaintiff pleaded damages that are recoverable under the statute. *Id.* at 109–10. While the claimant must plead facts with some evidentiary support that constitutes a claim for which immunity is waived, the claimant is not required to demonstrate he or she will prevail on the claim. *Id.* at 110. When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider *relevant evidence* submitted by the parties *when necessary* to resolve the jurisdictional issues raised. *Arredondo*, 415 S.W.3d at 341 (emphasis added). The determination of voter intent the City presses as the basis for this appeal is not relevant or necessary to resolution of the jurisdictional issue before us on accelerated appeal, though it may be properly raised in summary judgment or at trial. What is relevant are the documents the Officers rely on to establish the existence of a contract within section 271.152's immunity waiver.

Under section 271.152, a local government entity that enters into a contract satisfying the statutory requisites "waives sovereign immunity to suit for the purpose of *adjudicating a claim for breach of the contract.*" *See* TEX. LOC. GOV'T CODE ANN. § 271.152 (emphasis added). Courts that have considered this language in connection with a jurisdictional challenge have declined to address the merits of a plaintiff's breach-of-contract claim if the contract falls within the provisions of the statute. *See, e.g., City of Houston v. So. Elec. Servs., Inc.*, 273 S.W.3d 739, 744–45 (TEx. App.—Houston [1st Dist.] 2008, pet. denied) ("To observe that the claim will fail does not deprive the trial court of jurisdiction to hear it—or in the Legislature's own words, 'adjudicate' it."); *City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 448 (Tex. App—

Dallas 2008, pet. denied) (stating that "our only concern on appeal is whether the City's immunity from suit has been waived under the local government code" and declining to address the merits of the breach-of-contract claim).

### E. Application of the Law to the Facts

Section 271.151(2) requires that the written contract state the essential terms of the parties' agreement. TEX. LOC. GOV'T CODE ANN. § 271.151(2). In *Williams,* the supreme court stated that the essential terms are "time of performance," "price to be paid," and "service to be rendered." 353 S.W.3d at 138–39. The Officers here relied on the pay referendum, the Ordinance, resolutions implementing the ordinance, and various provisions of the City's charter and code to supply the essential terms of the agreement. In *Arredondo II*, we determined that these documents established the essential terms of "time of performance," "price to be paid," and "service to be rendered." *Arredondo*, 415 S.W.3d at 347–49. As a result, we concluded that the *Arredondo* plaintiffs alleged a unilateral contract with the City that satisfies the requirements of the waiver of immunity for breach of contract claims in section 271.152 of the local government code. *Id.* at 350. We likewise conclude the Officers here have alleged a unilateral contract within section 271.152's waiver of immunity. Accordingly, we overrule the City and the City Officials' first issue.

Because our review of the trial court's denial of the jurisdictional challenge in this case is not a merits review, the City and the City Officials' objections to the Officers' summary-judgment evidence concerning the merits of the Officers' claims are immaterial to this appeal. Consequently, we overrule the City and the City Officials' fourth issue.

### II. The City's Plea to the Jurisdiction

In their second issue, the City and the City Officials urge the trial court erred in denying the City's second pleas to the jurisdiction because a change in the Dallas City Code precludes the

existence of a contract necessary to invoke the limited waiver of immunity contained in section 271.152 of the local government code after April 1, 2002.[4] In *Arredondo II*, this Court rejected this argument noting, by its terms, section 34-1 of the Dallas City Code is specifically limited to the provisions in chapter 34; it does not apply to the Ordinance. *Arredondo*, 415 S.W.3d at 345. We further noted that "even if it did, the issue here is not whether the at-will employment relationship between the City and the Officers was 'convert[ed],' but whether the Ordinance constituted a unilateral employment contract regarding the Officers' *pay* that the Officers accepted by performance within the waiver of section 271.152." *Id.* (emphasis added). We recognize that the *Arredondo* plaintiffs were not seeking back pay after May 1998, but that fact was of no import to our decision in *Arredondo II* and does not impact our decision here. We overrule the City and the City Officials' second issue.

### III.   Plea to the Jurisdiction - Pension System

In their third issue, the City and the City Officials urge the trial court erred in denying their pleas to the jurisdiction on the Pension System's pension-contribution claims.

#### A. Standard of Review

Generally, a plea to the jurisdiction can challenge the sufficiency of the claimant's pleadings or the existence of necessary jurisdictional facts. *See Zachry*, 449 S.W.3d at 110 n. 53. When, as here, the plea challenges the claimant's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Tex. Ass'n of Bus.*, 852 S.W.2d at 446.

---

[4] On March 27, 2002, Dallas city council amended the personnel rules of the Dallas City Code to read as follows:

The provisions of this chapter are subject to modification, rescission, and amendment by the Dallas city council at any time. Nothing in this chapter conveys a contract of employment with the city of Dallas.

Dallas, Tex., Code ch. 34, § 34-1 (2011).

### B. The Pension System's Pleadings

The Pension System sued the City Officials in their official capacities seeking declaratory and injunctive relief for the payment of pension contributions on any awards to the Officers upon final trial of the cases. In doing so, the Pension System alleged:

> The City Officials have a statutory duty to cause the City to make pension contributions to [the Pension System] when the City pays salary to Dallas police officers and firefighters. The City Officials are required to comply with Section 6243a-1 [of the revised civil statutes] and cause Member and City Contributions to be paid to [the Pension System] in the future when and if back pay is paid to Plaintiffs. The payment of these Contributions is a ministerial act. This *ultra vires* claim is against the City Officials, only in their official capacities for prospective injunctive relief to comply with Section 6243a-1.

The City Officials contend there is no waiver of immunity because the Pension System: (1) does not and cannot plead an *ultra vires* act or that the City Officials acted without authority or failed to perform a purely ministerial act; and (2) seeks retroactive relief.

### C. Applicable Law

Governmental immunity does not bar *ultra vires* claims seeking to compel a governmental officer to comply with statutory or constitutional provisions. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 371–72 (Tex. 2009). To fall within the *ultra vires* exception to governmental or sovereign immunity, a suit must not complain of a government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a purely ministerial act. *Id.* at 372. In this context, ministerial acts are those "where the law prescribes and defines the duties to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment." *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994); *see Sw. Bell Tel., L.P. v. Emmett*, 459 S.W.3d 578, 587 (Tex. 2015). On the other hand, discretionary acts require the exercise of judgment and personal deliberation. *See Emmett*, 459 S.W.3d at 587; *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 425 (Tex. 2004). In an *ultra vires* action, a plaintiff

–12–

may not seek money damages, and further, the plaintiff may seek only "prospective" rather than "retrospective" remedies. *Heinrich*, 284 S.W.3d at 373–74.

## D. Application of the Law to the Facts

The City is commanded to make contributions to the Pension System. TEX. REV. CIV. STAT. ANN. art. 6243a-1 (West Supp. 2016). Section 4.02(b) of Article 6243a-1 provides:

> The contributions **shall** be annually appropriated by the City Council and periodically paid on the basis of a percentage of the total wages and salaries of the members of the police and fire departments who are members of each of the plans within the pension system.

*Id.* § 4.02(b) (emphasis added). The required contribution percentages are set forth in article 6243a-1 sections 4.02(d) and 4.03. The law clearly spells out the duty to be performed by the officials with sufficient certainty that nothing is left to the exercise of discretion. *See In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016). Article 6243a-1 does not afford City Council discretion or judgment to refuse to comply with this duty where it applies. Thus, the City Council has a ministerial duty to cause to be withheld from pay to the Officers, member pension contributions that are then promptly remitted to the Pension System, and to appropriate and make City contributions to the Pension Funds. The City Officials, through their counsel, have indicated their belief that the Pension System's claims are retroactive and that payments to the Pension System based upon the Officers' claims for back pay are not permissible. Government officials' anticipatory refusal to comply with a statute is an *ultra vires* act. *See Emmett*, 459 S.W.3d at 588–89. "It is the purpose of injunctive relief to halt wrongful acts *threatened* or that are in the course of accomplishment, rather than to grant relief against past actionable wrongs or to prevent the commission of wrongs not imminently threatened." *Tex. Emp't Comm'n v. Martinez*, 545 S.W.2d 876, 877 (Tex. Civ. App.—El Paso 1976, no writ) (emphasis added). If the Pension System waited until a judgment is rendered on the Officers' claims to assert a claim for pension contributions, its claims would run afoul of the City Officials' immunity because the

Pension System would be seeking retrospective monetary relief at that time. Construing the pleadings liberally and in favor of the Pension System, we conclude the Pension System has alleged an *ultra vires* act within the waiver of governmental immunity.

In *City of Houston v. Houston Municipal Employee Pension System*, a municipal pension system sought pension contributions from the City of Houston under article 6243h, which concerns municipal pension systems for populations exceeding 1.5 million. 513 S.W.3d 114 (Tex. App.—Houston [14th Dist.] 2016, pet. filed). In that case, the City of Houston argued it was immune from the pension system's *ultra vires* claim "to the extent the [pension system] seeks any relief for past periods." *Id.* at 129. The court of appeals disagreed: "In its petition, HMEPS expressly sought relief compelling the City appellants to allocate funding in the 'current' budget, to make such payments, to include proper contributions in 'future' budgets, and pick up and pay such contributions." *Id.* The court of appeals concluded "[t]hese do not constitute retrospective requests for relief." *Id.*

In the context of the pension system for police officers and firefighters, the City Officials' legal obligation to cause the City to pay contributions to the Pension System is based on the "total wages and salaries," which means "all pay received" by a member of any plan within the pension system. TEX. REV. CIV. STAT. ANN. art. 6243a-1 § 2.01(45). At this juncture, the Officers have received no pay by virtue of their claims against the City, and they may or may not in the future. Like Houston Municipal Employee Pension System, the Pension System is not bringing a claim for payment of a past due sum. It is seeking to require the City Officials to make payments that will become due in the future if the Officers prevail on their claims and receive payment. Consequently, the Pension System's claims do not constitute retrospective requests for relief. *See City of Houston*, 513 S.W.3d at 129. We overrule the City and the City Officials' third issue.

–14–

## CONCLUSION

We affirm the trial court's orders denying the City and the City Officials' motions for summary judgment and pleas to the jurisdiction.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

161227F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

CITY OF DALLAS, MIKE RAWLINGS, SCOTT GRIGGS, ADAM MEDRANO, CASEY THOMAS II, CAROLYN KING ARNOLD, RICKEY D. CALLAHAN, MONICA R. ALONZO, TIFFINNI A. YOUNG, ERIK WILSON, MARK CLAYTON, B. ADAM MCGOUGH, LEE M. KLEINMAN, SANDY GREYSON, JENNIFER S. GATES, PHILIP T. KINGSTON, AND A.C. GONZALEZ, Appellants

No. 05-16-01227-CV      V.

DAVID S. MARTIN, JAMES A. BRADDOCK, OBIE CARTMILL, ROBERT DALE MARTIN, O.J. ADAIR, GEORGE G. PARKER, JOE M. GUNN, STEPHEN W. TOTH, NATHAN TRAMMEL, TODD A. STRATMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AND DALLAS POLICE AND FIRE PENSION SYSTEM, Appellees

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 1-95-506.
Opinion delivered by Justice Schenck.
Justices Francis and Brown participating.

In accordance with this Court's opinion of this date, the orders of the trial court denying the City and the City Officials' motions for summary judgment and pleas to the jurisdiction are **AFFIRMED**.

It is **ORDERED** that appellees DAVID S. MARTIN, JAMES A. BRADDOCK, OBIE CARTMILL, ROBERT DALE MARTIN, O.J. ADAIR, GEORGE G. PARKER, JOE M.

–16–

GUNN, STEPHEN W. TOTH, NATHAN TRAMMEL, TODD A. STRATMAN, AND DALLAS POLICE AND FIRE PENSION SYSTEM recover their costs of this appeal from appellants CITY OF DALLAS, MIKE RAWLINGS, SCOTT GRIGGS, ADAM MEDRANO, CASEY THOMAS II, CAROLYN KING ARNOLD, RICKEY D. CALLAHAN, MONICA R. ALONZO, TIFFINNI A. YOUNG, ERIK WILSON, MARK CLAYTON, B. ADAM MCGOUGH, LEE M. KLEINMAN, SANDY GREYSON, JENNIFER S. GATES, PHILIP T. KINGSTON, AND A.C. GONZALEZ.

Judgment entered this 20th day of July, 2017.